**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| KATHERINE LAGOR and | ] |
| TIMOTHY LAGOR, Individually | ] |
| and as Parents, Guardians and Next Friends of | ] |
| EMILY GRACE LAGOR, a Minor | ] |
| 112 Arcade Avenue | ] |
| Seekonk, MA  022771 | ] |
| | ] |
| **Plaintiffs,** | ] |
| | ] |
| v. | ]    **CIVIL ACTION NO.** |
| | ] |
| ELI LILLY AND COMPANY | ] |
| Lilly Corporate Center | ] |
| Indianapolis, IN 46285 | ] |
| w/s/o NATIONAL REGISTERED AGENTS, INC. | ] |
| 1090 Vermont Avenue, NW, #910 | ] |
| Washington, DC  20005 | ] |
| | ] |
| and | ] |
| | ] |
| DART INDUSTRIES, INC. a successor to | ] |
| REXALL DRUG COMPANY, INC. | ] |
| w/s/o:  Sheila AnnMarie Moeller, Esq. | ] |
|      Gilbride, Tusa, Last & Spellane LLC | ] |
|      31 Brookside Drive | ] |
|      Greenwich, CT  06836 | ] |
| | ] |
| **Defendants,** | ] |

<u>**COMPLAINT**</u>
**(DES Litigation - Products Liability, Punitive Damages)**

1.    Jurisdiction is founded upon 28 U.S.C. §1332(a).

2.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.    Plaintiffs, are citizens of the United States, and residents of Massachusetts, and

Plaintiffs were born in the State of Rhode Island.  All Plaintiffs received medical care and

treatment in the State of Massachusetts.

4.    Plaintiff Katherine Lagor and Timothy Lagor bring this suit individually and as the parents, guardians and next friends of Plaintiff Emily Grace Lagor, a minor.

5.    Defendant, Eli Lilly and Company is a resident of and has its principal place of business in the State of Indiana and is the manufacturer of Diethylstilbestrol ("DES"), who sold and promoted the drug to Barbara Fahey, the mother of the Plaintiff Katherine Lagor, in 1954-1955 in Massachusetts.

6.    Defendant, Dart Industries, Inc., a successor to Rexall Drug Company, Inc., is a resident of and has its principal place of business in the State of Florida and is the manufacturer of Diethylstilbestrol ("DES"), who sold and promoted the drug to Barbara Fahey, the mother of the Plaintiff Katherine Lagor, in 1954-1955 in Massachusetts.

7.    Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligence - Katherine Lagor v. Eli Lilly and Company et.al.)

8.    During her pregnancy with Plaintiff Katherine Lagor on or about 1954-1955, the mother of the Plaintiff Katherine Lagor, Barbara Fahey, purchased and ingested DES in the state of Massachusetts exposing her daughter to same during her formation.  Said drug was prescribed by her treating obstetrician during the pregnancy.  The drug ingested was manufactured, sold, distributed and promoted by Defendant Lilly and/or Dart Industries, Inc..

9.    As a result of Plaintiff Katherine Lagor's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, resulting in infertility, the inability to carry a pregnancy to term, the premature birth of minor Plaintiff Emily Grace

2

Lagor, medical expenses for care and treatment, physical and mental pain, and the inability to have the family she desired.

10.    Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
**(Strict Liability - Katherine Lagor v. Eli Lilly and Company et.al.)**

11.    All of the allegations contained in paragraphs 1 though 10 are hereby realleged.

12.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

14.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Katherine Lagor was unreasonably exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

15.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff Katherine Lagor for her DES-related injuries, losses, and damages.

## COUNT III
**(Breach of Warranty - Katherine Lagor v. Eli Lilly and Company et.al.)**

3

16.    All of the allegations contained in paragraphs 1 through 15 are hereby realleged .

17.    At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

18.    Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff Katherine Lagor and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

19.    At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

20.    As a direct result of the breach of warranties by the Defendants, Plaintiff Katherine Lagor has been injured as aforesaid.

### COUNT IV
### (Misrepresentation - Katherine Lagor v. Eli Lilly and Company et.al.)

21.    All of the allegations contained in paragraphs 1 through 20 are hereby realleged.

22.    Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

23.    The mother of the Plaintiff Katherine Lagor and her attending physicians, did, in fact, rely on Defendants' representations in its advice about purchase, use, and consumption of DES.

4

24.    At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

25.    As a direct result of said false representations by Defendants, Plaintiff Katherine Lagor was injured as aforesaid.

## COUNT V
**(Negligence – Emily Grace Lagor, a Minor v. Eli Lilly and Company et.al.)**

26.    Plaintiffs Katherine Lagor and Timothy Lagor brings this suit as parents, guardians and next friends of Emily Grace Lagor, a minor, who was injured as a result of her premature birth, as a result of her mother's, Plaintiff Katherine Lagor's, exposure to DES in utero.

27.    The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus.  The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendants).  In 1954-1955, Barbara Fahey, the minor Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive tract to become deformed, marred and stunted.  This defect is such that the organs (uterus and cervix) are not capable of holding back, restraining or delaying pregnancy.  The infant, Emily Grace Lagor, was born 7 weeks early, at 33 weeks gestation, because of her mother's DES-injured birth uterus, which she shared for the 33 weeks of her gestation.  As a result, Emily Grace Lagor was born prior to full maturity of her lungs, brain and body, resulting in permanent and severe injuries, including, but not limited to diplegic spastic cerebral palsy, all of which have caused and continue to cause pain and suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss of enjoyment of life.

28.    Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT VI
**(Strict Liability – Emily Grace Lagor, a Minor v. Eli Lilly and Company et.al.)**

29.    All of the above allegations are realleged and incorporated herein by reference.

30.    Prior to 1954-1955, the date the Plaintiff's birth uterus was injured, numerous reports were received in the medical and scientific literature to the effect that:

a.    DES, as well as many other chemicals, could cross the placenta;

b.    DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

c.    DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

d.    DES had a potent cellular effect on female reproductive organs;

e.    DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendants;

f.    DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

g.    raised questions about the toxicity of DES to the developing fetal female reproductive organs.

31.    Based on the above reports, it was foreseeable, expected and knowable by Defendants that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and

6

expected in 1954-1955 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

32.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

33.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's excessive advertising campaigns proclaiming the safety and efficacy of DES.

34.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drugs, Plaintiff's mother, Katherine Lagor, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

35.    Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.


### COUNT VII
**(Loss of Consortium – Timothy Lagor v. Eli Lilly et.al.)**

36.    All of the allegations contained in Counts I, II, III, IV, V and VI are realleged and incorporated herein by reference.

37.    Plaintiff, Timothy Lagor. is the husband of Katherine Lagor.  As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendant as aforesaid,

7

Plaintiff Timothy Lagor has been deprived of the love, services and affection of his wife, Katherine Lagor.

     **WHEREFORE**, Plaintiff Katherine Lagor, individually, demands judgment against Defendants, jointly and severally in the sum of $1 Million ($1,000,000.00) in compensatory damages, plus costs.

     **WHEREFORE**, Plaintiff Timothy Lagor, individually, demands judgment against Defendants, jointly and severally in the sum of $ 500 Thousand ($500,000.00) in compensatory damages, plus costs.

     **WHEREFORE**, Plaintiff Katherine Lagor and Timothy Lagor, as Parents, Guardians and Next Friends of Emily Grace Lagor, a minor, demands judgment against Defendant for $10 Million ($10,000,000.00) in compensatory, plus costs.

                        Respectfully submitted,
                        AARON M. LEVINE & ASSOCIATES, P.A.


                        _____
                        Aaron M. Levine, #7864
                        1320 19th Street, N.W., Suite 500
                        Washington, D.C.  20036
                        (202) 833-8040


                        _____
                        Brandon J. Levine, #412130


                        _____
                        Renee L. Robinson-Meyer, #455375


                        _____

Steven J. Lewis, #472564

Counsel for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by a jury of six as to all issues of material fact.

_____

Aaron M. Levine

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II.  BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

1  U.S. Government
   Plaintiff

2 U.S. Government
  Defendant

3  Federal Question
   (U.S. Government Not a Party)

4 Diversity
  (Indicate Citizenship of
  Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/ Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

**151 Medicare Act**

**Social Security:**
861 HIA ((1395ff))
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If
   Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

### E. *General Civil (Other)*     OR     F. *Pro Se General Civil*

**Real Property**
210  Land Condemnation
220  Foreclosure
230  Rent, Lease & Ejectment
240  Torts to Land
245  Tort Product Liability
290  All Other Real Property

**Personal Property**
370  Other Fraud
371  Truth in Lending
380  Other Personal Property Damage
385  Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or
   defendant
871 IRS-Third Party 26
   USC  7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure
   of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational
   Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC
   Rates/etc.
460 Deportation

470 Racketeer Influenced &
   Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/
   Exchange
875 Customer Challenge 12 USC
   3410
900 Appeal of fee determination
   under equal access to Justice
950 Constitutionality of State
   Statutes
890 Other Statutory Actions (if
   not administrative agency
   review or Privacy Act

| **G.** *Habeas Corpus/ 2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights<br>Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-<br>Employment<br>446 Americans w/Disabilities-<br>Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment &<br>Enforcement of Judgment<br>153 Recovery of Overpayment of<br>Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting<br>(if Voting Rights Act) |

## V. ORIGIN

| 1 Original<br>Proceeding | 2 Removed<br>from State<br>Court | 3 Remanded from<br>Appellate Court | 4 Reinstated<br>or Reopened | 5 Transferred from<br>another district<br>(specify) | 6 Multi district<br>Litigation | 7 Appeal to<br>District Judge<br>from Mag. Judge |
|---|---|---|---|---|---|---|

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES     NO |

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES | NO | If yes, please complete related case form. |
|---|---|---|---|---|

**DATE**                    **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.        COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.      CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.