IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHERINE LAGOR and TIMOTHY )
LAGOR, Individually and as Parents, )
Guardians and Next Friends of )
EMILY GRACE LAGOR, a Minor )
112 Arcade Avenue )
Seekonk, MA 02771 )
)
      Plaintiffs, )
) Case No. 1:-6CV01967 (JDB)
      vs. )
)
ELI LILLY AND COMPANY ) DEFENDANT ELI LILLY AND
Lilly Corporate Center ) COMPANY'S ANSWER TO
Indianapolis, IN 46285 ) PLAINTIFFS' COMPLAINT
)
and )
)
DART INDUSTRIES, INC., a successor to )
REXALL DRUG COMPANY, INC. )
w/s/o: Sheila AnnMarie Moeller, Esq. )
      Gilbride, Tusa, Last & Spellane LLC )
      31 Brookside Drive )
      Greenwich, CT 06836 )
)
      Defendants. )
)
)

**DEFENDANT ELI LILLY AND COMPANY'S
<u>ANSWER TO PLAINTIFFS' COMPLAINT</u>**

      Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Complaint filed in this action as follows:

      Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

2241343v1

## **FIRST DEFENSE**

1. Lilly admits diversity of citizenship under 28 USC §1332(a).

2. Lilly admits that Plaintiffs claim damages in excess of the state court jurisdictional requirements.

3. Lilly admits that Plaintiffs alleges that they are Massachusetts residents, but states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies said allegations at this time

4. Lilly admits that Plaintiff Katherine Lagor and Timothy Lagor are bringing this suit individually and as the parents, guardians, and next friends of Plaintiff Emily Grace Lagor, a minor.

5. Lilly admits that it is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in the State of Indiana. Further answering, Lilly denies all other allegations in paragraph 5 of the Complaint.

6. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, denies said allegations at this time.

7. In response to the allegations contained in Paragraph 7 of the Complaint, Lilly states that it did sell and distribute DES in the District of Columbia. Lilly also states that it is doing business in the District of Columbia and that the U.S. Food and Drug Administration ("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 7 of the Complaint.

## **COUNT I – NEGLIGENCE (KATHERINE LAGOR)**

8. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 concerning the alleged prescription, purchase and

ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations contained in Paragraph 8 of the Complaint.

9. Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

### COUNT II - STRICT LIABILITY (KATHERINE LAGOR)

11. Lilly repeats and realleges its answers in paragraphs 1 through 10 above.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

15. Lilly denies the allegations contained in Paragraph 15 of the Complaint.

### COUNT III - BREACH OF WARRANTY (KATHERINE LAGOR)

16. Lilly repeats and realleges its answers in paragraphs 1 through 15 above.

17. Lilly denies the allegations contained in Paragraph 17 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint.

20. Lilly denies the allegations contained in Paragraph 20 of the Complaint.

### COUNT IV – MISREPRESENTATION (KATHERINE LAGOR)

21. Lilly repeats and realleges its answers in paragraphs 1 through 20 above.

22. Lilly denies the allegations in Paragraph 22 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and

2241343v1

sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

25. Lilly denies the allegations contained in Paragraph 25 of the Complaint.

### COUNT V – NEGLIGENCE (EMILY GRACE LAGOR)

26. Lilly repeats and realleges its answers in paragraphs 1 through 25 above. Further answering, Lilly admits that Plaintiff Katherine Lagor and Timothy Lagor are bringing this suit individually and as the parents, guardians, and next friends of Plaintiff Emily Grace Lagor, a minor. Lilly denies all other allegations contained in Paragraph 26 of the Complaint.

27. Lilly denies the allegations contained in Paragraph 27 of the Complaint

28. Lilly denies the allegations contained in Paragraph 28 of the Complaint.

### COUNT VI - STRICT LIABILITY (EMILY GRACE LAGOR)

29. Lilly repeats and realleges its answers in paragraphs 1 through 28 above.

30. Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31. Lilly denies the allegations contained in Paragraph 31 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 31 of the Complaint.

32. Lilly denies the allegations contained in Paragraph 32 of the Complaint.

33. Lilly denies the allegations contained in Paragraph 33 of the Complaint.

34. Lilly denies the allegations contained in Paragraph 34 of the Complaint.

35. Lilly denies the allegations contained in Paragraph 35 of the Complaint.

2241343v1

## COUNT VI – LOSS OF CONSORTIUM (TIMOTHY LAGOR)

36.   Lilly repeats and realleges its answers in paragraphs 1 through 35 above.

37.   Lilly denies the allegations contained in Paragraph 37 of the Complaint. Further answering, Lilly denies that Plaintiffs are entitled to judgment of any kind against Lilly.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

### THIRD DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations or laches.

### FOURTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### FIFTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, Plaintiffs' claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom Defendant discharged any duty to warn.

### SIXTH DEFENSE

This court lacks personal jurisdiction over Defendant Eli Lilly.

2241343v1

## SEVENTH DEFENSE

Venue is improper.

## EIGHTH DEFENSE

Plaintiffs' claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 e seq. and/or the regulations promulgated pursuant to that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

## JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiffs' Complaint, Lilly prays as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2. That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

2241343v1

Respectfully submitted,

*Emily J. Laird* (signature)

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiffs**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

*Emily J. Jacik*
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

2241343v1