## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Katherine Lagor, et al.,**<br><br>        **Plaintiffs,**<br><br>                vs.<br><br>**Eli Lilly and Company, et al.,**<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)   **Civil Action No. 1:06-CV-01967-JDB**<br>)<br>)<br>)<br>) |

## DEFENDANT ELI LILLY AND COMPANY'S
## MOTION TO TRANSFER TO THE DISTRICT OF RHODE ISLAND

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Rhode Island.

This case should be transferred because the District of Rhode Island is a more convenient forum than the District of Columbia, the action could have been brought in the District of Rhode Island, and transfer out of a district with absolutely no connection to the plaintiffs' cause of action is in the interest of justice.

After choosing to file their case in the District of Columbia, plaintiffs now seek to transfer this action to the United States District Court for the District of Massachusetts. Transfer to the United States District Court for the District of Rhode Island is more appropriate than transfer to the District of Massachusetts for two reasons. First, plaintiffs' actions in initially selecting the District of Columbia and then seeking to transfer their case to the District of Massachusetts are improper and indicative of forum shopping. Second, Rhode Island is a more proper forum than Massachusetts because many of the events giving rise to this suit as well as

138756v1

most of the non-party witnesses are in Rhode Island. For example, plaintiff's mother allegedly purchased DES in Rhode Island and both plaintiff Katharine Lagor and plaintiff Emily Lagor were born there. Further, all but one of the physicians identified as those who treated plaintiffs' for the injuries alleged in this lawsuit are located in Rhode Island.

Therefore, in the interests of justice and for the convenience of the parties and witnesses, the Court should transfer this action to the United States District Court for the District of Rhode Island.

## L.Cv.R. 7(m) CERTIFICATION

Counsel for Lilly has conferred with plaintiffs' counsel, as required by L.Cv.R. 7(m), and plaintiffs do not consent to the relief sought in this Motion. Defendant Dart Industries, Inc. consents to this motion.

WHEREFORE, for these reasons and those more fully set forth in the accompanying memorandum of points and authorities in support of this motion, defendant Eli Lilly and Company respectfully requests this Court to grant its motion to transfer this case to the District of Rhode Island.

Respectfully submitted,

_____/s/ Emily J. Laird_____
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW, Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.

2

138756v1

2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

138756v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April, 2007, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record listed below.

| | |
|---|---|
| Aaron M. Levine | John F. Anderson |
| Aaron M. Levine & Associates, P.A. | Troutman Sanders LLP |
| 1320 19th Street, NW | 1660 International Drive |
| Suite 500 | Suite 600 |
| Washington, D.C. 20036 | McLean, VA 22102 |
| (202) 833-8040 | (703) 734-4356 |
| | |
| **Attorneys for Plaintiffs** | **Attorneys for Dart Industries, Inc.** |

_____/s/ Emily J. Laird_____
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Katherine Lagor, et al.,         )
         )
    Plaintiffs,        )
         )
      vs.         )
         )   **Civil Action No. 1:06-CV-01967-JDB**
Eli Lilly and Company, et al.,    )
         )
    Defendants.        )
         )

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS AND IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF RHODE ISLAND**

This is a prescription drug product liability action in which plaintiffs claim that plaintiff Katharine Lagor's alleged *in utero* exposure to the synthetic estrogen diethylstilbestrol ("DES") in 1954-1955 caused plaintiffs' injuries. Plaintiffs filed this action in the District of Columbia even though plaintiffs' claims have no connection to the District. Now, a mere 4 months after filing their action in the District of Columbia plaintiffs seek to transfer their own case to the District of Massachusetts.

Since this case has no connection to the District of Columbia, transfer is proper, but the court should transfer this case to the United States District Court for the District of Rhode Island, rather than to Massachusetts. In this particular case, despite plaintiffs' allegations of exposure to DES while in Massachusetts and their argument that all the witnesses reside in Massachusetts or within its subpoena power, Rhode Island is a more proper forum than Massachusetts because each of plaintiff Katharine Lagor's identified physicians practice there, she was born there, she gave birth to plaintiff Emily Lagor there, and her mother was allegedly

prescribed and purchased DES there.  Plaintiff Emily Lagor was born in Rhode Island, all but one of her physicians practice there, and she has been hospitalized and received physical therapy and health care there as well.

Further, plaintiffs' actions in first filing in the District of Columbia and 4 months later seeking to transfer their case to the District of Massachusetts are improper.  Surely plaintiffs knew when they filed this case in the District of Columbia that the District has no factual nexus with their claims.  Despite this knowledge plaintiffs engaged in forum shopping to avail themselves of the District's liberal statute of limitations.  Having gotten what they want, they are now ready to move this case closer to home.  Such action should not be condoned.  Because the District of Rhode Island is the proper forum for this case, the court should deny plaintiffs' Motion to Transfer to the District of Massachusetts and instead transfer this action to the District of Rhode Island.

## I.    PLAINTIFFS' CHOICES OF FORUM ARE ENTITLED TO LITTLE, IF ANY, DEFERENCE

Plaintiffs initially chose to file this case in the District of Columbia, a forum that they now admit has little factual nexus with their claims.  *See* Plaintiffs' Motion to Transfer, at 2 ("This cause has no significant contact with the District of Columbia, beyond that the Defendants conduct or have conducted significant business here"[1] and "[n]o known fact witnesses reside

---

[1]    To the extent that plaintiffs claim a connection to the District of Columbia based on regulatory action by the FDA in the District of Columbia, courts in the District of Columbia have rejected governmental contacts as a basis for venue in the District of Columbia. *See In re AT&T Access Charge Litig.,* No. Civ. A. 05-1360, 2005 WL 3274561, *3 (D.D.C. Nov. 16, 2005) (Huvelle, J.) (to accept governmental contacts in D.C. as a basis for venue "would amount to an open invitation to litigants to sue private parties in this jurisdiction whenever the case has some relationship to an agency action."). *See also DeLoach v. Philip Morris Co.,* 132 F. Supp. 2d 22 (D.D.C. 2000); *Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C. Cir. 1993).  Indeed, in *Thompson, Abramson,* and *Lentz,* this Court rejected the argument that FDA regulatory action regarding DES established a connection between DES lawsuits and the District of Columbia.  *See Thompson v. Eli Lilly and Company,* Civil Action No. 03-CV-00122 (D.D.C. June 23, 2003) (Walton, J.) **Attachment A** to Affidavit of Emily J. Laird in Support of Defendant Eli Lilly and Company's Motion to Transfer, attached as **Exhibit 1**, at p. 5; *Abramson v. Eli Lilly and Company,* Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.) **Attachment B** to Exhibit 1, at p. 4 n.6; *Lentz v. Eli Lilly and Company,*

within the District of Columbia."). In the absence of a factual nexus, plaintiffs' choice of forum

carries little weight. As this Court wrote in *Abbott Labs. v. United States Fidelity & Guaranty

Co.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989):

> While the plaintiff's choice of forum is generally entitled to
> deference, where the forum choice has no factual nexus with the
> lawsuit, plaintiffs' choice of forum may be accorded less weight in
> a section 1404(a) analysis....In fact, the presumption may switch
> to Defendant's favor when neither party resides in the chosen
> forum and the cause of action arises elsewhere.

*Id.* (citations and internal quotations omitted). In *McClamrock v. Eli Lilly and Company*, 267 F.

Supp. 2d 33, 37 (D.D.C. 2003), this Court cautioned that a plaintiff should not "blindly assume"

that because she chose the District of Columbia as the jurisdiction in which to file suit, her

choice of venue will not be disturbed. "[P]laintiff's choice of forum is not accorded substantial

deference where the plaintiff's choice of forum has 'no meaningful ties to the controversy and no

particular interest in the parties or the subject matter.'" *Id. See also Trout Unlimited v. United

States Dept. of Agriculture*, 944 F. Supp. 13, 17 (D.D.C. 1996) ("[D]eference to the plaintiff's

choice of forum...is mitigated...[and] the showing defendants must make is lessened when the

plaintiff's choice of forum has no factual nexus to the case, and, where...transfer is sought to the

forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is

connected to that state.") (citations and internal quotations omitted). In granting Lilly's motions

to transfer other DES cases, this Court has refused to give substantial deference to plaintiff's

choice of forum where the case has little connection to the chosen forum. *See Thompson v. Eli

Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 23, 2003) (Walton, J.)

---

Civil Action No. 06-CV-1374 (D.D.C. Dec. 18, 2006) (Huvelle, J.) **Attachment C** to Exhibit 1, at p. 4 (rejecting the argument that "the District of Columbia was the 'place of the industry approval efforts' and [plaintiff's] suggest[ion] that an 'army' of DES lobbyists and salespeople who may be potential witnesses reside within this Court's subpoena power."). In both *Thompson* and *Abramson*, the Court also rejected Lilly's previous filing of a lawsuit in the District of Columbia as determinative of a motion to transfer. *See* Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at pp. 2-3.

**Attachment A** to Affidavit of Emily J. Laird in Support of Defendant Eli Lilly and Company's Motion to Transfer, attached as **Exhibit 1**, p. 2 (refusing to give deference to plaintiff's selected forum where there is no nexus between the chosen jurisdiction and the facts and circumstances of the case); *Abramson v. Eli Lilly and Company*, Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.) **Attachment B** to Exhibit 1, pp. 2-3 (same); *Lentz v. Eli Lilly and Company*, Civil Action No. 06-CV-1374 (D.D.C. Dec. 18, 2006) (Huvelle, J.) **Attachment C** to Exhibit 1, p. 5 (same).

Courts give even less deference when plaintiffs choose a forum in which they do not reside. *Brannen v. Nat'l R.R. Passenger Corp.*, 403 F. Supp. 2d 89, 93 (D.D.C. 2005) (holding that "[a]lthough the court gives 'deference to the plaintiff's choice, it need give substantially less deference when the forum preferred by plaintiff is not his home forum.'"); *Boers v. U.S.*, 133 F. Supp.2d 64, 65 (D.D.C. 2001) (same). In transferring other DES cases, this Court has also refused to give substantial deference where the plaintiff does not reside in the forum. *See Lentz*, Attachment C to Exhibit 1, p. 5 (holding that, since "[t]he District of Columbia's ties to this case are minimal, while [the transferee district's] interests are considerable," "[t]he plaintiff's choice of forum therefore carries little, if any, weight and is insufficient to overcome the factors that weigh in favor of transfer"); *Abramson*, Attachment B to Exhibit 1, p. 2.

The fact that plaintiffs now seek to transfer their case to a second forum, the District of Massachusetts, is likewise entitled to little or no deference. *See generally Tiffany v. Hometown Buffet, Inc.*, 2006 WL 2792868, *2 (N.D. Cal. Sept. 28, 2006) (holding that "there can be no presumption of deference for the plaintiff's second choice of forum in her motion to transfer, pursuant to 28 U.S.C. 1404(a)")' *see also Health Discovery Corp. v. Ciphergen*

*Biosystems, Inc.*, 2007 WL 128283, at *3 (E.D. Tex. Jan. 11, 2007) ("plaintiff's second or third choices of forum receives no deference . . ."); *Medford Pacific v. Danmor Constr., Inc.,* 1997 WL 419280, at *2 (D. Or. July 7, 1997) ("The court does not give much deference to the plaintiff's second choice of forum."). Further, courts hesitate to grant plaintiffs' motions to transfer cases from the forum the plaintiffs originally selected so as to prevent gamesmanship and forum shopping. *See Tiffany*, 2006 WL 2792868, at *2 (plaintiffs' actions of initially filing a suit in one jurisdiction, only to later move to transfer the case to yet another forum, were indicative of "forum shopping"). Here, plaintiffs initially filed this suit in the District of Columbia, presumably to take advantage of the District of Columbia's advantageous statute of limitation. Their attempt to now transfer this case to the District of Massachusetts is indicative of improper forum shopping. As such, the court should award this second choice of forum even less deference than plaintiffs' original choice of forum. *See generally id.* Additionally, for reasons detailed below, though this case has some connection to the District of Massachusetts, it has a greater connection to the District of Rhode Island and should be transferred there instead.

## II.    THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF RHODE ISLAND

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether to transfer an action to a more convenient forum falls within the wide discretion of the district court. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) ("District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens"). Transfer is proper where the action might have been brought originally in the transferee district; where the transferee district is more convenient for witnesses likely to be called at trial; where there is no nexus between the

transferor district and the cause of action; and where the interests of justice would be served by transfer. *See* 28 U.S.C. § 1404(a).

In *Thompson*, this Court granted Lilly's Motion to Transfer a DES case from the District of Columbia because there was a greater connection between the facts of that case and the transferee forum, the District of New Jersey. The Court noted: "While it is significant that New Jersey has such strong connections to this case, equally significant is that the District of Columbia has no such connection to this matter." *See* Attachment A to Exhibit 1. *See also* *Abramson*, Attachment B to Exhibit 1 (noting that despite previous denials of motions to transfer in DES cases, where there is a strong connection to a particular jurisdiction and no connection to the District of Columbia, transfer is appropriate); *Lentz*, Attachment C to Exhibit 1 (holding that Lilly's contacts in the District of Columbia "do not tip the balance in favor of maintaining this case in the District of Columbia, particularly when compared with the nucleus of facts, witnesses, and documents located" in another jurisdiction).

In both *Thompson* and *Abramson*, this Court distinguished earlier decisions denying Lilly's motions to transfer DES cases out of the District of Columbia. For example, Judge Walton noted that *Thompson* was "clearly distinguishable" from *Ingram v. Eli Lilly and Company*, 251 F. Supp. 2d 1 (D.D.C. 2003), because the witnesses in *Ingram* were no longer in Washington state, where plaintiff was allegedly exposed to DES, but were spread throughout the country. *See* Attachment A to Exhibit 1, p.6. Similarly, in *Abramson*, Judge Bates distinguished the facts of that case from cases where motions to transfer had been denied because *Abramson* had no connection to the District of Columbia, but had a strong connection to another forum. *See* Attachment B to Exhibit 1, p. 4.

6

As even plaintiffs admit, this case has no connection to the District of Columbia for purposes of the transfer analysis under § 1404(a).[2]  While this case has some connection to the District of Massachusetts, it has a stronger connection to the District of Rhode Island where many of the crucial fact witnesses reside, as well as where the plaintiff's mother was allegedly prescribed and purchased DES.  Further, while it is debatable where plaintiff Katharine Lagor's injuries occurred, plaintiff Emily Lagor alleges injuries resulting from a premature birth, which took place in Rhode Island.  Accordingly, the court should transfer this action to the District of Rhode Island.

A.    **This Action "Might Have Been Brought" Originally In The United States District Court For The District of Rhode Island**

Section 1404(a) permits transfer to a district or division where the case could have been brought in the first instance. 28 U.S.C. § 1404(a).  Plaintiffs could have brought this action originally in the District of Rhode Island.  Venue is proper in the District of Rhode Island pursuant to 28 U.S.C. § 1391(a)(2), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a)(2).  Here, plaintiff's mother was allegedly prescribed the DES that purportedly caused plaintiffs' injuries in Rhode Island and she allegedly purchased that DES in Rhode Island. *See* Plaintiff Katharine Lagor's Answers to Defendant Eli Lilly and Company's First Set of Interrogatories, attached hereto as **Exhibit 2**, No. 20.  Further, all but one[3] of the physicians who

---

[2]    Indeed, plaintiffs agree that "[t]his cause has no significant contact with the District of Columbia, beyond than that the Defendants conduct or have conducted significant business here" and that "[n]o known fact witnesses reside within the District of Columbia." *See* Plaintiffs' Motion to Transfer, at 2.

[3]    Plaintiffs' sole physician who does not practice in Rhode Island, Laurie Grauel is located approximately 10 miles from Providence, Rhode Island, in Reboboth, Massachusetts, *not* in the District of Columbia. *See* Plaintiff Emily Grace Lagor's Answers to Defendant Eli Lilly and Company's First Set of Interrogatories, attached hereto as Exhibit 3, No. 5.

diagnosed and treated both plaintiffs' alleged injuries are located in Rhode Island. *See* Exhibit 2, Nos. 7 and 10; *see also* Plaintiff Emily Grace Lagor's Answers to Defendant Eli Lilly and Company's First Set of Interrogatories, attached hereto as **Exhibit 3**, Nos. 5-8. The District of Rhode Island also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[4]

### B.   The District of Rhode Island Is More Convenient Than The District Of Columbia Or The District of Massachusetts For The Witnesses Likely To Be Called To Testify At Trial

Section 1404(a) instructs district courts to consider the convenience of the parties and witnesses in deciding whether to transfer an action. While plaintiffs are residents of Massachusetts, they are actually much closer to the District of Rhode Island courthouse in Providence, Rhode Island, than to the District of Massachusetts in Boston, Massachusetts.[5] Therefore, the District of Rhode Island would be more convenient for plaintiffs than the District of Massachusetts. Further "the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses." *Ciphergen*, 2007 WL 128283, at *3. In this case, almost all of the non-party witnesses are located in Rhode Island; moreover, those located in Massachusetts are much closer to the Providence, Rhode Island courthouse than the federal district courthouse in Boston. In evaluating the convenience factor, courts have also looked at ease of access to sources of proof and the amount of expense for willing witnesses. *See Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at *2 (D.D.C. Jan.

---

[4]     Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiffs cannot recover more than $75,000. However, Lilly denies that plaintiffs are entitled to recover any damages.

[5]     Plaintiffs currently reside in Seekonk, Massachusetts, which is approximately 5 miles from Providence, Rhode Island and approximately 55 miles from Boston, Massachusetts. *See* Exhibit 2, No. 2. While there are multiple divisions of the District of Massachusetts, plaintiffs cite to the Boston division in their memorandum in support of transfer. *See* Plaintiffs' Memorandum in Support of Their Motion to Transfer to the District of Massachusetts, p. 4 ("The fact witnesses not in Massachusetts are in and around Providence, Rhode Island, well within the subpoena power of the District of Massachusetts at Boston.").

138757v1

10, 1989); *Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996).

There are several major issues in DES causes of action, the resolution of which typically requires examining medical, pharmacy and other records, deposing plaintiffs, plaintiffs' family members, and physicians and others with knowledge of the events alleged in plaintiffs' complaint and the ability to call those witnesses at trial. One issue concerns the nature, extent, and causes of plaintiffs' alleged injuries. As admitted in plaintiffs' sworn discovery responses, each of plaintiff Katharine Lagor's physicians, her mother's prescribing physicians and all but one of plaintiff Emily Lagor's physicians are located in the District of Rhode Island. *See* Exhibit 2, Nos. 7, 9, 10, 11, and 17; *see also* Exhibit 3, No. 5. Further, the pharmacy at which plaintiff Katharine Lagor's mother allegedly purchased the DES at issue in this case, is located in Rhode Island. *See* Exhibit 2, No. 20. All of plaintiffs' medical records are located in Rhode Island as well. *See* Exhibit 2, Nos. 7, 9, 10, 11, and 17; *see also* Exhibit 3, Nos. 5-8. Plaintiffs' case, in large part, depends on testimony and medical records from the physicians who diagnosed, treated and evaluated plaintiffs, all but one[6] of whom are in Rhode Island. None of the physicians whom plaintiffs identify as having treated their alleged injuries are located in the District of Columbia and only one is in the District of Massachusetts. *See id.*

Additionally, courts consider the convenience of witnesses under a section 1404 analysis "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Brannen*, 403 F. Supp. 2d at 94. Though plaintiffs argue in their Motion to Transfer that plaintiff's mother, an octogenarian, will be inconvenienced by traveling from Massachusetts to depositions and trial, plaintiffs never assert that plaintiff's mother will actually be unavailable for

---

[6]    *See supra*, note 3.

trial anywhere other than Massachusetts. Further, plaintiff's mother currently lives in Seekonk, Massachusetts. *See* Exhibit 2, No. 17. Seekonk is approximately 5 miles from Providence, Rhode Island, the location of the federal district courthouse for the District of Rhode Island. Seekonk is approximately 55 miles from Boston, Massachusetts. Therefore, any concerns regarding plaintiff's mother's inability to travel for trial are not an issue if this Court transfers this case to the District of Rhode Island. Indeed a five mile trip to Providence, Rhode Island would be much more convenient for Mrs. Lagor's mother than would a 55 mile trip to Boston.

In sum, Lilly is not aware of a single fact witness who resides in the District of Columbia, with only one non-party fact witness residing in the District of Massachusetts.[7] All fact witnesses in this case are clearly within the subpoena power of both the District of Rhode Island and the District of Massachusetts. For this reason "convenience" of the fact witnesses is not an appropriate consideration in plaintiffs' motion. Even if convenience of non-party witnesses already within the subpoena power of the court were an appropriate consideration, it is more convenient for all fact witnesses in this case to travel to Providence than to Boston. Thus, when considering the convenience of the witnesses as a whole, the District of Rhode Island is the most convenient forum for this litigation.

### C.    It Is In The Interest of Justice To Transfer This Case To The District of Rhode Island

Lastly, the interests of justice dictate that this action be transferred to the District of Rhode Island. In defining the "interests of justice" consideration in a § 1404 transfer, the Court of Appeals for the D.C. Circuit concluded that courts should consider: (1) the local interest in having localized controversies tried at home; (2) holding the trial in a court whose state's law

---

[7]    It is possible that plaintiff's sister, Marjorie Fahey, might be called as a witness because plaintiff's mother was allegedly prescribed DES while she was *in utero* as well. *See* Exhibit 2, No. 17. She currently lives in Rhode Island. *See* Exhibit 2, No. 19.

10

will govern the case; (3) not imposing jury duty upon the people of a community that has no relation to the litigation; and (4) the administrative difficulties flowing from court congestion. *See Pain v. United Tech. Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980).

### 1.    Rhode Island has a strong interest in resolving this case and therefore, its law will govern.

In light of the substantial connections between the operative facts of this case, the witnesses and the State of Rhode Island, the interests of justice "[a]re best served by having [the] case decided by the federal court in the state whose law governs the interests at stake." Even assuming plaintiff Katharine Lagor was allegedly exposed to DES in Massachusetts, the remaining factors governing choice of law in each of the District of Columbia, Rhode Island, and Massachusetts dictate transfer of this case to Rhode Island.

All three of the jurisdictions above apply a similar choice of law test, weighing four factors in determining which state's substantive law should apply. These factors are: (1) jurisdiction where injury took place; (2) jurisdiction where the conduct causing the injury occurred; (3) the domicile or residence of the litigants; and (4) jurisdiction where the relationship between the litigants is centered. *See Herbert v. District of Columbia*, 808 A.2d 776, 780 (D.C. 2002); *Toledo v. Van Waters & Rogers, Inc.*, 92 F. Supp. 2d 44, 49 (D.R.I. 2000); *Nunez-Polcano v. Boch Toyota, Inc.*, 2006 WL 1709680, at *4 (Mass. May 26, 2006).

It is clear that the District of Columbia would apply Rhode Island's substantive law here. In *Long v. Sears Roebuck & Co.*, 877 F. Supp. 8 (D.D.C. 1995), the court determined that the District of Columbia's substantive law would apply even though the plaintiffs were residents of Maryland and the injury occurred in Maryland because the product was purchased in the District of Columbia. That court held that the District of Columbia had the most significant relationship to the claims for several reasons. First, the sale, which was the "conduct leading to

11

the injury occurred in the District of Columbia…Second, the seller-purchaser relationship between the parties was established…in the District of Columbia.   Third, [the] alleged misrepresentation…occurred in the District of Columbia." *Id.* at 12.

Similarly, in this case, while plaintiffs are residents of Massachusetts, and the alleged injury to plaintiff Katharine Lagor potentially occurred in Massachusetts, the alleged prescription and sale of DES, which would be considered the "conduct leading to the injury," occurred in Rhode Island. *See* Exhibit 2, No. 20.  Additionally, plaintiff Emily Lagor's alleged injuries, which are alleged to be derivative of being born prematurely, occurred at her birth in Rhode Island. *See* Exhibit 3, Nos. 1 and 5.   Further, any relationship between plaintiffs and Eli Lilly and Company is centered in Rhode Island, due to the alleged prescription and purchase of DES there.  Finally, like the plaintiffs in *Long*, plaintiffs here allege a claim of misrepresentation, which if such a representation exists, was made in Rhode Island to plaintiffs' physicians and pharmacists.  Therefore, it is clear that the District of Columbia would apply Rhode Island law.

Likewise, Rhode Island law, using the above-referenced choice of law test, would apply its own substantive law.  "In Rhode Island, the place of the wrong is the state where the last event necessary to make the defendants liable for the alleged tort took place." *Dodson v. Ford Motor Co.,* 2006 WL 2642199, at *3 (R.I. Super. Sept. 5, 2006).  While the last event necessary to make Lilly liable for plaintiff Katharine Lagor's alleged injuries is debatable, the last event necessary for the claims of plaintiff Emily Lagor, is her birth, which occurred in Rhode Island. *See* Exhibit 3, No. 1.

Plaintiffs cite to *Oyola v. Burgos*, 864 A.2d 624 (R.I. 2005), for the proposition that "if there is a conflict between the place of the injury and the residence of the plaintiffs, the residence of the plaintiffs trumps the place of the injury." *See* Plaintiffs' Memorandum in

Support of Their Motion to Transfer to the District of Massachusetts, p. 7. The plaintiffs here, as in *Oyola*, "overlook an essential feature of [Rhode Island] conflict of laws jurisprudence: such questions are issue-specific." *Id.* at 628. That court held that because the relationship between the parties was centered in Rhode Island, as well as the residence of *all* of the parties was there, the substantive law of Rhode Island should apply even though the injury occurred in New York. Here, looking at the specific facts of this case, it is apparent that Rhode Island would apply its own substantive law. All but one of the physicians who have diagnosed or treated both plaintiffs' alleged injuries are in Rhode Island. *See* Exhibit 2, Nos. 7 and 10; Exhibit 3, Nos. 5-8. All of these medical records are in Rhode Island. The DES was allegedly prescribed and purchased in Rhode Island. *See* Exhibit 2, No. 20. The only connection this case has to Massachusetts is that plaintiffs live just over the Rhode Island border in Massachusetts. Therefore, looking specifically at the abundance of facts pointing toward Rhode Island, Rhode Island's substantive law would apply.

Additionally, Massachusetts law would also apply Rhode Island's substantive law to the claims in this case. Massachusetts uses the four factors above to determine "which state has the most significant relationship to the occurrence and the parties." *Boch Toyota,* 2006 WL 1709680, at * 4. Here, the only connection Massachusetts has is that plaintiffs reside there and that plaintiff's mother, although she was allegedly prescribed and purchased DES in Rhode Island, allegedly ingested it in her home, approximately 5 miles from the Rhode Island border. Therefore, applying the four factors, Massachusetts, like the District of Columbia and Rhode Island, would apply Rhode Island's substantive law to these claims.

138757v1

##### 2. This case should not be imposed upon the people of the District of Columbia nor upon its congested court system.

It is inequitable to saddle the District of Columbia and its resources, including its jurors, with the burden of disposing of a case that has no connection whatsoever to the forum. In *Abramson*, Judge Bates held that "given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge Kay, with this case." Attachment B to Exhibit 1, pp. 4-5. As Judge Bates noted, Magistrate Kay's experience mediating DES cases is not sufficient reason to keep a case in the District of Columbia that, for the convenience of the parties and in the interest of justice, should be transferred. *See also Thompson*, Attachment A to Exhibit 1, at p. 4, n.4 (noting that Judge Kay's experience did not warrant denial of a motion to transfer).

In transferring a previous DES case, Judge Walton noted that the District of Columbia's court calendar is "quite congested." *See Thompson,* Attachment A to Exhibit 1, p. 4 n.4. Rhode Island's court calendar is less congested than either the calendars of the District of Columbia or Massachusetts. *See* 2006 Annual Report of the Director of the United States Courts, James C. Duff, App. C5 & C10, http://www.uscourts.gov/judbus2006/appendices/c5.pdf and http://www.uscourts.gov/judbus2006/appendices/c10.pdf. Where the District of Columbia had more than 2000 cases from October 1, 2005 to September 30, 2006, and Massachusetts had nearly 3000 cases during that same period, Rhode Island had less than 500. *Id.* Correspondingly, the cases in Rhode Island were completed more expeditiously than those in the District of Columbia or Massachusetts. *Id.* Therefore, transferring this case to Rhode Island will not only help control congestion, but may result in this case being resolved more quickly.

138757v1

## CONCLUSION

Plaintiffs initially filed suit in the District of Columbia, a forum they have admitted has little connection to their claims. Plaintiffs now improperly seek to transfer to yet another jurisdiction, the District of Massachusetts, an action indicative of forum shopping. For these reasons, neither of plaintiffs' forum choices are entitled to any deference from this Court.

Unlike the District of Columbia, this case has a substantial connection to the District of Rhode Island. None of the events related to plaintiffs' claims in this case occurred in the District of Columbia, plaintiffs' original choice of forum. Few fact witnesses in this case reside in the District of Massachusetts, plaintiffs' second choice of forum. In contrast, all but one of plaintiffs' treating physicians are located in Rhode Island, the minor plaintiff was born in Rhode Island, plaintiffs were treated for their alleged DES-related injuries there, the DES at issue was prescribed in Rhode Island and the alleged DES prescription was purchased there. All fact witnesses are subject to the subpoena power of the District of Rhode Island and all such witnesses are located much closer to the federal courthouse in Providence, Rhode Island than they are to federal courthouse in Boston, Massachusetts. For these reasons, this case has a greater connection to the District of Rhode Island than to either the District of Columbia or the District of Massachusetts.

The interests of justice and the convenience of the parties and witnesses support transfer of this case to the District of Rhode Island. Accordingly, Lilly respectfully requests the Court to deny plaintiffs' motion to transfer this action to the District of Massachusetts and instead transfer this case to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

138757v1

Respectfully submitted,


_____/s/ Emily J. Laird_____
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW, Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

138757v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April, 2007, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine                          John F. Anderson
Aaron M. Levine & Associates, P.A.       Troutman Sanders LLP
1320 19th Street, NW                     1660 International Drive
Suite 500                                Suite 600
Washington, D.C. 20036                   McLean, VA 22102
(202) 833-8040                           (703) 734-4356

**Attorneys for Plaintiffs**             **Attorneys for Dart Industries, Inc.**


_____/s/ Emily J. Laird_____
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

17

138757v1

# Exhibit 1

To

Defendant Eli Lilly and Company's Memorandum of Points and
Authorities in Opposition to Plaintiffs' Motion to Transfer to the District
of Massachusetts and in Support of Defendant Eli Lilly and Company's
Motion to Transfer to the District of Rhode Island

Filed in:
*Katherine Lagor, et al.  v. Eli Lilly and Company, et. al.*
District Court for the District of Columbia
Civil Action No. 06-1967

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Katherine Lagor, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | ) Civil Action No. 1:06-CV-01967-JDB |
| Eli Lilly and Company, et al., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### AFFIDAVIT OF EMILY J. LAIRD IN SUPPORT OF
### DEFENDANT ELI LILLY AND COMPANY'S MOTION TO TRANSFER

I, Emily J. Laird, being first sworn on oath, say that the following is true and correct:

1.      I am an attorney in the firm of Shook, Hardy & Bacon, LLP, counsel for defendant Eli Lilly and Company ("Lilly") in the above-captioned action.

2.      **Attachment A** is a true copy of this Court's decision in *Thompson v. Eli Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003) (Walton, J.).

3.      **Attachment B** is a true copy of this Court's decision in *Abramson v. Eli Lilly and Company*, Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.).

4.      **Attachment C** is a true copy of this Court's decision in *Lentz v. Eli Lilly and Company*, Civil Action No. 06-CV-1374 (D.D.C. Dec. 18, 2006) (Huvelle, J.).

Executed on April 9th, 2007

_____
Emily J. Laird

138829v1

DISTRICT OF                    )
                               )ss.
COLUMBIA _____       )

On this ___9th___ day of April, 2007, before me, a notary public in and for said state,

personally appeared Emily J. Laird, to me personally known, who being duly sworn,

acknowledged that she had executed the foregoing instrument for purposes therein mentioned

and set forth.

_____
NOTARY PUBLIC

My Commission Expires:

Michel Y. Thompson
Notary Public, District of Columbia
My Commission Expires 10-14-2009

- 2 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _9th_ day of April, 2007, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates, P.A.
1320 19th Street, NW
Suite 500
Washington, D.C. 20036
(202) 833-8040

**Attorneys for Plaintiffs**

John F. Anderson
Troutman Sanders LLP
1660 International Drive
Suite 600
McLean, VA 22102
(703) 734-4356

**Attorneys for Dart Industries, Inc.**


_____/s/ Emily J. Laird_____
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

- 3 -

138829v1

# Attachment A

To
Affidavit of Emily J. Laird in Support of
Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Katherine Lagor, et al.  v. Eli Lilly and Company, et. al.*
District Court for the District of Columbia
Civil Action No. 06-1967

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY THOMPSON and <br> MARK A. THOMPSON, <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 03-122 (RBW)

## ORDER

The plaintiffs, Nancy and Mark Thompson, have brought this product liability action against the defendant, Eli Lilly and Company, for injuries that Mrs. Thompson alleges she suffered as a result of her mother's use of diethylstilbestrol ("DES ) during her mother's pregnancy with Mrs. Thompson. The defendant seeks to have this case transferred to the District of Massachusetts "[b]ecause it would be more convenient for the parties to litigate this action in the District of Massachusetts -- where the alleged exposure in utero to (DES) took place, where almost all of the fact witnesses reside -- and because there is absolutely no connection between the District of Columbia and plaintiffs' claims. Motion of Defendant Eli Lilly and Company to Transfer Action, Memorandum of Points and Authorities in Support of Eli Lilly and Company's Motion to Transfer ("Def.'s Mem. ) at 2-3. Upon consideration of the parties' submissions and for the reasons set forth below, the Court will transfer this case to the District of Massachusetts.

1

28 U.S.C. § 1404(a) (2000) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.   A district court is given broad discretion when considering whether to grant or deny a motion to transfer, which entails first determining whether the action could have been brought in the proposed transferee district and, if so, examining several private and public interest factors.   While deference is typically given to a plaintiff's choice of forum and the moving party "bears the burden of demonstrating that transfer pursuant to Section 1404(a) is warranted[,] Gemological Institute of America v. Thi-Dai Phan, 145 F. Supp. 2d 68, 71 (D.D.C. 2001), courts recognize that less deference is given when the chosen forum is not the plaintiff's home forum, Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). With these considerations in mind, the Court will first examine whether this case could have been brought in the District of Massachusetts.

**(A)    Could This Action Have Been Brought in the District of Massachusetts?**

Before a case may be transferred to another judicial district, a court must determine whether the transferee district is a proper venue and can exercise personal jurisdiction.  Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...  In this case, it is undisputed that this action could have been brought in Massachusetts.  This is because the alleged events that gave rise to the plaintiffs' claims occurred there, as Mrs. Thompson's mother received and ingested the DES in Massachusetts. Def.'s Mem. at 1.  And, pursuant to Massachusetts' long-arm statute, it is also undisputed that a federal court in Massachusetts would be able to exercise personal jurisdiction over the defendant,

2

as Eli Lilly acknowledges that it had sufficient contacts with Massachusetts through its

sales of DES in that jurisdiction. Id. at 3. (citing Mass. Gen. Laws ch. 223A, § 3

(Massachusetts long-arm statute governing torts allegedly committed in Massachusetts)).

Having concluded that this action could have been brought in Massachusetts, the Court

will now evaluate whether the private and public interest factors favor the transfer of this

action.

**(B)    Do the Interests of the Parties and the Public Favor of Transferring this Case
to the District of Massachusetts?**

In considering a motion to transfer, a Court must examine several factors, such as:

"[t]he convenience of the witnesses of plaintiff and defendant; ease of access to sources

of proof; availability of compulsory processes to compel the attendance of unwilling

witnesses; the amount of expense for the willing witnesses; the relative congestion of the

calendars of potential transferor and transferee courts; and other practical aspects of

expeditiously and conveniently conducting a trial.   Boers, 133 F. Supp. 2d at 65 (D.D.C.

2001) (citation omitted).

Upon evaluating these factors, it is abundantly clear this case should be

transferred to the District of Massachusetts. Massachusetts is the situs where the DES

was ingested and therefore the location where any injury resulting from its use occurred.

Nearly all of the fact witnesses reside in Massachusetts, including the plaintiffs, Mrs.

Thompson's mother, all of the physicians who have treated Mrs. Thompson for the injury

she allegedly sustained, and Mrs. Thompson's primary care physicians. Def.'s Mem. at

1-2. Furthermore, the ability to access much of the physical proof with the least effort

favors transfer to Massachusetts, as that is where Mrs. Thompson and her mother's

3

medical records are located. And, the pharmacies that sold Mrs. Thompson's mother the

DES are also located there.[1]

In addition, because the majority, if not all of the witnesses reside in

Massachusetts, any concerns regarding the availability of compulsory process and the

expense of securing the presence of the witnesses also favor transfer to Massachusetts.

While the plaintiffs focus on the relative congestion of the two courts' calendars as

grounds for the case not being transferred,[2] the Court notes that this case is at an early

stage of the litigation[3] and this Court's calendar is actually quite congested.[4]

Other relevant factors also weigh in favor of transferring this case to

Massachusetts. Not only do the local interests in this matter strongly favor transferring

---

[1] Defendant notes that the three major issues in DES cases are: the questions of exposure, product identification, and the nature and extent of Mrs. Thompson's alleged injuries. Regarding exposure, defendant anticipates the need to obtain relevant medical records and to depose the physicians that are still alive who treated plaintiff's mother during her pregnancy. Def.'s Mem. at 5. As for product identification, defendant maintains it will need to depose the dispensing pharmacist or other pharmacy employees regarding the dispensing practices of the pharmacy or pharmacies in question. Id. Finally, regarding Mrs. Thompson's injuries, defendant contends that proof of the alleged injuries will come to the fact-finder in the form of medical records located in Massachusetts and from the testimony of Mrs. Thompson's and her mother's physicians. Three of the seven physicians identified by the plaintiffs who treated Mrs. Thomson are still living and believed to currently practice in Massachusetts. Id. at 6. In addition, most, if not all of the other witnesses and non-witness evidence are also located in Massachusetts.

[2] Plaintiffs' counsel seeks to make a comparison between the efficiency and speed of this Court and the District of Massachusetts in resolving DES cases. The basis offered for this comparison is two DES cases originally filed in this Court on October 7, 2002. Compare Christine Foti et ux v. Eli Lilly and Company, Civ.A. No. 02-1977, with Hillary Blank et ux v. Eli Lilly and Company, Civ.A. No. 02-1976. In the first case a motion to transfer the case to Massachusetts was granted on November 22, 2002, and according to the plaintiffs, no action has yet been taken by the Massachusetts district court. And, in an effort to make a comparison between the two jurisdictions, the plaintiffs assert that in the second case a settlement conference has been scheduled for August 5, 2003, before another member of this Court.

[3] This case is currently in the early stages of litigation as the close of discovery is not scheduled to occur until October 15, 2003.

[4] Neither party disputes that the assigned judicial settlement officer, Magistrate Judge Kay, has experience settling DES cases, which admittedly could contribute to the expeditious resolution of this action. However, the District of Massachusetts has been exposed to substantial DES litigation as well, see, e.g., Payton v. Abbott Labs., 100 F.R.D. 336 (D. Mass. 1983), and has had at least five DES cases transferred to it from this district in the last year and a half. Defendant's Reply in Support of its Motion to Transfer ("Def.'s Reply") at 4. Therefore, the plaintiffs have failed to demonstrate that calendar congestion in the District of Massachusetts would unduly delay the resolution of this case or that this court is better equipped to ensure the timely processing of a DES case.

4

this case to Massachusetts, but it also appears that Massachusetts state law will govern the plaintiffs' claims.[5] And a Massachusetts court is better equipped to apply Massachusetts law, as another member of this Court has commented, the interests of justice "[a]re best served by having a case decided by the federal court in the state whose laws govern the interests at stake. Trout Unlimited v. United States Dep't of Agriculture, 944 F. Supp. 13, 19 (D.D.C. 1996).

While this Court finds it significant that Massachusetts has such strong connections to this case, equally significant is that the District of Columbia has no such connection to this matter. The plaintiffs assert that there is a connection between the District of Columbia and their claims because this jurisdiction is where the original industry wide promotion of DES occurred and where defendant lobbied and applied for Food and Drug Administration approval to sell and promote DES. Plaintiffs' Opposition to Defendant's Motion to Transfer ("Pls' Opp'n) a t 4. Plaintiffs also argue that the defendant spent over $6,500,000 in 2001 on marketing and lobbying efforts in the District of Columbia and currently employs at least 58 lobbyists in this jurisdiction. Id. at 5. Plaintiffs further note that the defendant itself has selected the District of Columbia as its home forum in litigation against its insurers involving coverage of the DES claims that have been filed against it. Id. This Court is unconvinced that these contacts, which have no direct connection to this case, favor maintaining this case in the District of Columbia.

---

[5] If this case remained in the District of Columbia, Massachusetts substantive law would most likely govern this litigation. To determine what law this Court would have to apply, it must use the District of Columbia's choice of law analysis. See Ideal Electronic Security Co. v. International Fidelity Ins. Co., 129 F.3d 143, 148 (D.D.C. 1997). And this analysis would seemingly compel this court to apply Massachusetts law.

5

Finally, the Court notes that this case is clearly distinguishable from a recent DES case in which this Court denied transfer pursuant to 28 U.S.C. § 1404(a). In Ingram v. Eli Lilly & Co., No. Civ.A. 02-2023, 2003 U.S. Dist. LEXIS 1619, (D.D.C. January 28, 2003) (Walton, J.), the plaintiff's injuries arose in Seattle, Washington. Id. at *5. However, the plaintiff's mother lived in Oklahoma; the prescribing obstetrician was located in California; plaintiff's expert witnesses resided in Texas, Arkansas, Pennsylvania and Alabama; and none of the expert witnesses that the defendant customarily used were located in the State of Washington State. Id. Thus, although the State of Washington was the location where the DES was prescribed and ingested, none of the vital witnesses remained in that jurisdiction. Id. In this case, there is no such concern over a lack of a substantial connection to one particular jurisdiction. Therefore, the plaintiffs' reliance on Ingram is misplaced.

Accordingly, it is, hereby this 27th day of June, 2003,

**ORDERED** that the defendant's motion to transfer the case is **GRANTED**. It is

**FURTHER ORDERED** that this case shall be transferred to the District of Massachusetts.

REGGIE B. WALTON
United States District Judge

6

# Attachment B

## To
## Affidavit of Emily J. Laird in Support of
## Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Katherine Lagor, et al.  v. Eli Lilly and Company, et. al.*
District Court for the District of Columbia
Civil Action No. 06-1967

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALERIE ABRAMSON, et al.,

    Plaintiffs,

        v.                                          Civil Action No.  03-2541 (JDB)

ELI LILLY AND COMPANY,

    Defendant.

## MEMORANDUM OPINION

This in utero diethylstilbestrol (DES) exposure case brought by plaintiff Valerie Abramson and her husband Chett Abramson ("plaintiffs") against defendant Eli Lilly and Company is one of many currently pending in this Court.  Following initial discovery, defendant has moved to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey, which defendant submits is a more convenient forum.[1]  The Court agrees based on the specific facts of this case.

## FACTUAL BACKGROUND

There is no dispute as to certain facts central to the disposition of defendant's motion. Plaintiffs reside in New Jersey, as do plaintiff Valerie Abramson's parents.  Ms. Abramson's gynecologist during the relevant 1988 to 2001 period practices in New Jersey.  The other relevant physicians identified by plaintiffs in interrogatory responses all practice in New Jersey and reside in New York (well within the subpoena power of the District of New Jersey pursuant to

_____

[1] Briefing on the motion was completed on August 31, 2004.

-1-

Fed.R.Civ.P. 45(b)(2)). No non-party fact witness resides in the District of Columbia or is within the subpoena power of this Court. None of the events relating to plaintiffs giving rise to this specific action have any connection to the District of Columbia. As plaintiffs expressly agree, this case could have been brought in the District of New Jersey.

Plaintiffs do, however, claim some connection to the District of Columbia by virtue of defendant's lobbying and promotion efforts with the Food and Drug Administration ("FDA") relating to DES, which occurred largely in the District of Columbia, although for the most part long ago. Plaintiffs also point out that defendant has itself brought suit in the District of Columbia against its insurers over DES claims. Moreover, plaintiffs observe that many DES cases have been brought here, and that the judges of this Court, and particularly Magistrate Judge Kay, have developed an expertise in these cases.

## ANALYSIS

Most of the judges of this Court, including this judge,[2] have denied similar transfer motions in DES cases against Eli Lilly. Where there is no connection to this forum and a strong connection to one other forum, however, transfer has been granted. See Thompson v. Eli Lilly and Co., Civil Action No. 03-0122 (RBW) (D.D.C. June 27, 2003).

The Court agrees that this action could have been brought in the District of New Jersey.[3] However, plaintiffs' choice of forum is entitled to some weight, although it is given less deference when (as here) the chosen forum is not the plaintiff's home forum. See Piper Aircraft v. Reyno,

---

[2] See Roing, et al. v. Eli Lilly & Co., Civil Action No. 02-2211 (JDB) (D.D.C.) (Order dated Jan. 28, 2003).

[3] There is no doubt that the District of New Jersey would have jurisdiction over the action and that venue is proper there.

-2-

454 U.S. 235, 255-56 (1981); <u>Boers v. United States</u>, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). On

the other hand, defendant has engaged in some lobbying and other efforts related to DES in the

District of Columbia. Moreover, it is the forum of choice for many DES cases against Eli Lilly,

and even has been the forum of choice by Eli Lilly for its litigation against insurers regarding

coverage for DES claims.[4] Although it does not appear likely that the District Judges of this Court

have developed much real expertise in the substance of these DES cases, certainly Magistrate

Judge Kay has considerable experience in the settlement context. Finally, it is undisputed that

plaintiffs and defendant both have counsel (the latter in the District of Columbia) experienced in

handling this type of litigation, and that those counsel have cooperated in other DES cases in the

District of Columbia with respect to making witnesses and documents (including medical records)

readily available. These relevant factors, taken together, do not weigh clearly in favor of transfer

to the District of New Jersey.

What may be different about this case, however, is the convenience of witnesses factor

under section 1404(a). Indeed, "the most critical factor to examine under 28 U.S.C. § 1404(a) is

the convenience of the witnesses." <u>Chung v. Chrysler Corp.</u>, 903 F. Supp. 160, 164 (D.D.C.

1996). The ease of access to sources of proof, the expenses for willing witnesses, and whether the

claim arose elsewhere are all important considerations in this assessment. <u>See</u> <u>Trout Unlimited v.</u>

<u>United States Dep't of Agriculture</u>, 944 F. Supp. 13, 16 (D.D.C. 1996).

Here, all the relevant fact witnesses on exposure, injury and causation are more easily

---

[4] Eli Lilly opposed a motion to transfer in that case, defending its right to choose the
District of Columbia courts against allegations that it was engaged in forum shopping. Defendant
has explained, however, that the choice of forum there was based in part on the need to
accommodate travelers from around the globe.

accessed in New Jersey than in the District of Columbia -- plaintiffs, Ms. Abramson's parents, her gynecologist, and other treating physicians. No fact witness appears to be located in or close to the District of Columbia. The subpoena power of the New Jersey court reaches all those witnesses, while this Court's subpoena power does not.[5] The relevant medical records are also more readily obtained in New Jersey from the various physicians. Nor, quite obviously, did the claim, or any events giving rise to the claim, occur here.

Unlike many of the other DES cases, where relevant witnesses are spread around the country (even in the District of Columbia), this is a case with a single forum that is plainly most convenient for the witnesses -- the District of New Jersey. Moreover, that is the forum where most of the operative facts occurred, although some also apparently occurred in other states but not in the District of Columbia.[6] It is simply beyond cavil that transfer to the District of New Jersey will be considerably more convenient (and less expensive) for the witnesses. Importantly, that will also enable the relevant witnesses to be compelled to testify because they will be within the subpoena power of that court, which is not the case were the action to remain in this Court. Finally, given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge

---

[5] Conceivably, then, some of those witnesses could decline to appear if the case went forward to trial in this Court.

[6] The Court does not find persuasive the argument that DES-related lobbying efforts to the FDA tie this case to the District of Columbia. Documents related to those efforts have already been produced to plaintiff's counsel. Likewise, a 1941 meeting of representatives of drug manufacturers in Washington, D.C., is too attenuated a basis for connecting this action to the District of Columbia.

Kay, with this case.[7]

Accordingly, defendant's motion to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) in the interests of justice and for the convenience of the parties and witnesses will be granted.  A separate order will be issued.


/s/     John D. Bates
JOHN D. BATES
United States District Judge

Dated:  October 25, 2004

---

[7] Plaintiffs emphasize the several other cases in this District in which transfer has been denied, including a case brought by Ms. Abramson's sister.  The point remains, however, that section 1404(a) transfer motions are extremely fact-dependent, turning largely on the connection of the specific case to the transferee and transferor forums and the convenience and location of the relevant witnesses.

Copies to:

Patricia Martin Stanford
3609 Hendricks Avenue
Jacksonville, FL 32207
(904) 346-4215
Fax: (904) 346-4275
E-mail: pmslaw1@aol.com
*Counsel for plaintiffs*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
(202) 223-1200
Fax: (202) 785-6687
E-mail: lmartin@foleyhoag.com

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000
Fax: (617) 832-7000
E-mail: jdillon@foleyhoag.com
*Counsel for defendant*

-6-

# Attachment C

## To
## Affidavit of Emily J. Laird in Support of
## Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Katherine Lagor, et al.  v. Eli Lilly and Company, et. al.*
District Court for the District of Columbia
Civil Action No. 06-1967

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAREN ANNE LENTZ and | ) | |
| GERALD A. LENTZ, Jr. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 06-1374 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Karen Anne and Gerald Lentz, who reside in Maine, filed this action in the

Superior Court for the District of Columbia for injuries associated with Mrs. Lentz's *in utero*

exposure to diethylstilbestrol ("DES").  Defendant Eli Lilly, an Indiana corporation, removed the

suit to this Court on the basis of diversity jurisdiction, and now moves to transfer it to the United

States District Court for the District of Maine pursuant to 28 U.S.C. § 1404(a).  Defendant

argues that transfer to the District of Maine would serve the interests of justice and the

convenience of the parties because the purchase and ingestion of DES by Mrs. Lentz's mother

occurred in Maine, and the relevant medical records, as well as the key fact witnesses --

including Mrs. Lentz's mother, the doctor who prescribed DES to Mrs. Lentz's mother, and the

doctors who diagnosed and treated Mrs. Lentz's alleged injuries -- are all located in Maine.

(Def. Mot. at 1-2.)  Plaintiffs state that they will voluntarily produce the relevant medical records

and make the fact witnesses available for deposition so their live testimony will not be necessary.

They also argue, *inter alia*, that the District of Columbia is the more convenient forum for the

many expert witnesses that are likely to testify in this case, that it is the site of the "original

industry-wide promotion of DES," and that the interpretation of the District of Columbia's statute of limitations will be a central issue in the case. Finally, they assert that their choice of forum is entitled to deference. (Pl. Opp. at 1-6.)

The determination of whether an action should be transferred "is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought," and grants the district court discretion to "adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (internal quotation marks omitted). As both parties point out, there have been numerous transfer motions in DES cases before this Court over the years. Consistent with the fact-specific approach required for deciding motions to transfer under Section 1404(a), the disposition of these cases has varied according to the particular facts present in the case.

To succeed on a motion to transfer, defendant must first establish that the action could have been brought in the proposed transferee district, *i.e.*, the District of Maine. *DeLoach v. Philip Morris Co.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000). Second, it must "demonstrate that the balance of convenience of the parties and witnesses and the interest of justice are in their favor." *Consol. Metal Prods., Inc. v. Am. Petroleum Inst.*, 569 F. Supp. 773, 774 (D.D.C. 1983). It is undisputed that this action could have been brought in the District of Maine. Therefore, it is only the second inquiry that requires examination.

-2-

In evaluating a motion to transfer pursuant to Section 1404(a), a court must weigh a number of private and public interest factors. *See Reiffin*, 104 F. Supp. 2d at 51-52. The relevant private interest factors include, but are not limited to: (1) plaintiffs' privilege of choosing the forum; (2) defendant's preferred forum; (3) location where the claim arose; (4) convenience of the parties; (5) convenience of witnesses, but only to the extent that witnesses may be unavailable for trial in one of the fora; and (6) ease of access to sources of proof. Public interest considerations include: (1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home. *See Airport Working Group of Orange County, Inc. v. U.S. Dep't of Def.*, 226 F. Supp. 2d 227, 229 (D.D.C. 2002) (citing *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)).

Applying these factors here, the Court finds that they weigh in favor of transfer to the District of Maine. Plaintiff does not dispute defendant's assertion that all of the fact witnesses who have been identified date, as well as both plaintiffs, reside in Maine. The subpoena power of the Maine court reaches all of those potential non-party witnesses, while this Court's does not. Plaintiffs' argument that the District of Columbia is more convenient for the likely expert witnesses is unavailing in comparison. While these potential expert witnesses, who by virtue of their role as paid experts must be prepared to travel to testify and are compensated for doing so, are spread out across many states (*see* Pl. Opp. at 5), one single state -- Maine -- is apparently home to all essential fact witnesses. The relevant medical records are also located in Maine. Therefore, convenience of the witnesses and ease of access to the sources of proof both weigh in favor of transfer.

-3-

Maine, the site of the alleged prescription, purchase, and ingestion of DES by Mrs. Lentz's mother, is also the location where plaintiffs' specific claim arose, which further weighs in favor of transfer. Plaintiffs argue that the District of Columbia was the "place of the industry approval efforts for DES" and suggest, without identifying any, that an "army" of DES lobbyists and salespeople who may be potential witnesses reside within this Court's subpoena power. (Pl. Opp. at 6.) However, as Judge Walton noted in another recent DES case, these contacts, which are not directly related to this particular case, do not tip the balance in favor of maintaining this case in the District of Columbia, particularly when compared to the nucleus of facts, witnesses, and documents located in Maine. *See Thompson v. Eli Lilly*, No. 03-122, at 5 (D.D.C. June 27, 2003).

In addition to the private interest factors that decidedly weigh in favor of transfer, the public interest factors also favor transfer. Though the issue has not been decided, it appears that while the D.C. statute of limitations may apply, Maine substantive law will govern this case.[1] And as numerous courts have recognized, the "interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996); *see Trout*, 944 F. Supp. at 19. Similarly, Maine has a greater interest than the District of Columbia in adjudicating the personal injury claims of Maine citizens under its own tort law. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947).

---

[1] The relevant factors to be considered in the District of Columbia's choice of law analysis would seem to favor the application of Maine substantive law in this case. *See Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 148 (D.D.C. 1997); *Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002).

-4-

In contrast, the sole factor that weighs against transfer is the plaintiffs' choice of forum. Ordinarily, a plaintiff's choice of forum is entitled to considerable deference. *See Piper Aircraft*, 454 U.S. at 255; *Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991). However, that deference is minimized where "the plaintiffs' choice of forum has no meaningful ties to the controversy and no particular interest in the parties or the subject matter," and "the defendant['s] burden in a motion to transfer decreases when the plaintiffs' choice of forum has no meaningful nexus to the controversy and the parties." *Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001) (internal quotation marks and citations omitted); *see Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 141-42 (D.D.C. 2004); *Airport Working Group*, 226 F. Supp. 2d at 230. The deference owed to plaintiffs' choice of forum is further diminished where "transfer is sought to the forum where plaintiffs reside." *Citizen Advocates for Responsible Expansion, Inc. v. Dole*, 561 F. Supp. 1238, 1239 (D.D.C. 1983); *see Payne v. Giant of Maryland, L.L.C.*, 2006 WL 1793303, at *4 (D.D.C. June 28, 2006); *Turner & Newall, P.L.C. v. Canadian Universal Ins. Co.*, 652 F. Supp. 1308, 1310 (D.D.C. 1987) (noting that the presumption against disturbing plaintiff's choice of forum "may switch to defendants' favor in the District of Columbia when neither party resides in the chosen forum and the cause of action arises elsewhere"). The District of Columbia's ties to this case are minimal, while Maine's interests are considerable, as the plaintiffs reside there, the injuries at issue occurred in Maine, and the doctors who prescribed DES to Mrs. Lentz's mother practiced in Maine. The plaintiff's choice of forum therefore carries little, if any, weight and is insufficient to overcome the factors that weigh in favor of transfer.

-5-

Accordingly, it is hereby **ORDERED** that defendant's motion to transfer [Dkt. # 17] is

**GRANTED**. The Clerk of the Court is ordered to transfer this case to the United States District

Court for the District of Maine.

      **SO ORDERED**.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 18, 2006

-6-

# Exhibit 2

To

Defendant Eli Lilly and Company's Memorandum of Points and
Authorities in Opposition to Plaintiffs' Motion to Transfer to the District
of Massachusetts and in Support of Defendant Eli Lilly and Company's
Motion to Transfer to the District of Rhode Island

Filed in:
*Katherine Lagor, et al. v. Eli Lilly and Company, et. al.*
District Court for the District of Columbia
Civil Action No. 06-1967

138830v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHARINE LAGOR, et al.,      ]

        Plaintiffs,       ]

        v.         ]     Civil Action No.: 06-cv-01967055 (JDB)

               ]     Next Event:   D/L to Amend or Join

ELI LILLY AND CO., et al.,     ]

        Defendants.     ]

               ]

## PLAINTIFF KATHARINE LAGOR'S ANSWERS TO DEFENDANT ELI LILLY AND COMPANY'S FIRST SET OF INTERROGATORIES

1.    Please state your present name, date and place of birth, Social Security Number, and all other names you have used or been known by, including the period during which you were known by such other names.

**ANSWER:**   Name: Katharine Lagor; Date of Birth: 4/17/55; Place of Birth: Providence, Rhode Island; Social Security No.: 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; Prior Names: Katharine Fahey, birth to 1976; Katharine Witengier, 1976 - 1987; and Katharine Lagor, 1987 to present.

2.    Please state in chronological order the full address for each residence at which you have resided for a period of thirty (30) days or more, and state the date each such residency was commenced and terminated.

**ANSWER:**   a.    136 Arcade Avenue
Seekonk, MA 02771
(4/17/55 - 1959)

               b.    112 Arcade Avenue
Seekonk, MA 02771
(1959 - 1976)

               c.    Lindenwood Drive
Fort Worth, TX
(1976 - 1978)

               d.    Address unknown
Gladwyne, PA

d.    College: Cabrini College; Years Attended: 1979 - 1982; Degree Obtained: BA in English Communications.

5.    Please state the name and address of your present and past employers and/or any periods of self-employment, including the job title, nature of duties, length or period of employment or self-employment, average monthly earnings and reason for leaving employ of each such employer or period of self-employment.

**ANSWER:**

a.    Employer: Open MRI of New England, Inc.; Job Title: Manager of Administrative Services; Period of Employment: 6/2006 - Present; Monthly earnings: $5,000/mo.

b.    Employer: MRI of Chelmsford; Job Title: Area Center Manager ; Period of Employment: 1999 - 2006; Monthly earnings: $4,800/mo; Reason for Leaving: laid off–cutbacks;

c.    Employer: Rhode Island Mass MRI (same company as above); Job Title: Receptionist/Center Manager; Period of Employment: 1990 - 2006; Monthly earnings: $4,000/mo;

d.    Employer: Carousel of Flowers; Job Title: Designer; Period of Employment: 1987 - 1990; Monthly earnings: $840/mo; Reason for Leaving: left during pregnancy for medical reasons;

e.    Employer: Gladwyne Flowers; Job Title: Owner/Designer; Period of Employment: 1982 - 1986; Monthly earnings: $800/mo Reason for Leaving: sold business and moved to Massachusetts.

6.    Except for the present lawsuit, if you ever made any claim or filed any lawsuit for personal injury or disability, please provide details, including the approximate date each such claim or other lawsuit was filed; the nature of your claimed injury, disability or condition; the name and address of each person, firm or corporation against whom such claim or suit was made or filed; the amount received by way of settlement, payment or judgment for each such claim or suit; the approximate date, location and circumstances of the occurrence causing any injury, disease or disability for each such suit or claim; and the name and address of the court, commission or other body before which such claim or suit was filed, if any, and the number assigned to each such claim or suit.

**ANSWER:**    Plaintiff has never filed a lawsuit.

7.    Please state the name and address of each physician or other health care provider who has treated you for <u>any</u> reason which you do <u>not</u> attribute to your alleged exposure to the diethylstilbestrol (DES ) referred to in your Complaint, including the nature, date, location, of any such treatment, the name and address of each hospital, clinic or other health care facility where you were confined, treated or examined, and the dates of such confinement, treatment or examination.

**ANSWER:**    Plaintiff objects to this Interrogatory as overly broad, burdensome, irrelevant, nor will

it lead to the discovery of any relevant information pertaining to Plaintiff's claims. In addition, Plaintiff objects to any health care provider not relevant to her gynecological or associated conditions. Without waiving said objections, the following have conducted gynecological examinations:

a.    Marshall Taylor, M.D., 1525 Wampanoag Trail, East Providence, RI 02916.

b.    Tawfik Hawwa, M.D., Partners in Obstetrics & Gynecology, 1525 Wampanoag Trail, #201, Riverside, RI 02915.

c.    David A. Marcoux, M.D., 407 East Avenue, #110, Pawtucket, RI 02860.

d.    Physicians in Philadelphia, PA, whose names Plaintiff does not recall.

e.    Physicians in Fort Worth, TX, whose names Plaintiff does not recall.

8.    In regard to your menstrual history, please state your age at the onset of menstruation, whether menstruation was regular, and if not, describe such irregularities as well as any cramping, fainting, dizzy spells, or any other difficulties with menstruation (such as excessive or prolonged flow), and if you have consulted a physician or other health care provider regarding any of these irregularities or difficulties, please state the name and address of the physician, the approximate dates consulted and the reason for any such consultation, examination or treatment.

**ANSWER:**    Plaintiff's age at menarche was approximately twelve. Her menstruation is regular.

9.    If you have ever attempted to become pregnant, but been unable to conceive, please state the number of months or years (give approximate dates) you were unable to conceive, and the name and address of any physician or other health care provider consulted and the date(s) of each consultation.

**ANSWER:**    Plaintiff started attempting pregnancy in approximately 1978. She consulted fertility doctors in Philadelphia as well as Drs. Marshall Taylor and Tawfik Hawwa regarding pregnancy.

10.    If you have ever been pregnant, please state the number of months or years you attempted to conceive before becoming pregnant and the approximate date of conception; the date of termination of the pregnancy and the result (e.g., childbirth, miscarriage, spontaneous abortion, therapeutic abortion, etc.); the name and address of each physician or other health care provider consulted during the pregnancy; the name and address of the physician or other health care provider attending the birth (or abortion); the name and address of the hospital where each child was born (or each pregnancy, miscarried or aborted); if the pregnancy resulted in the birth of a child, the name and address of each

4

child; whether the child had any birth defects or inherited diseases/disorders and, if so, the nature of each such birth defect, disease or disorder; whether each child is now deceased and, if so, the date, place, and cause of each child's death.

**ANSWER:**    Plaintiff has been pregnant once: Approximate date of conception: LMP 12/01/89;

Date of Birth: July 22, 1990; Physicians: Dr. Hawwa and Donald R. Coustan, M.D., Women &

Infants Hospital of Rhode Island, 101 Dudley Street, Providence, RI 02905; Place of Birth: Women

& Infants Hospital of Rhode Island; Name and address of child: Emily Grace Lagor, 112 Arcade

Avenue, Seekonk, MA 02771; Birth Defects: see Plaintiff Emily Lagor's Answers to Interrogatories.

11.    Please state the inclusive dates of your mother's pregnancy with you, your mother's and father's names as of your date of birth, your mother's address during her pregnancy with you, the name and address of the doctor and/or other persons who delivered you, the name and address of the hospital or other place where you were delivered, including a description of the location if not delivered in a hospital.

**ANSWER:**    Inclusive Dates of Pregnancy: approximately 8/54 - 4/17/1955; Parent's names:

Barbara and Matthew Fahey; Mother's Address: 136 Arcade Avenue, Seekonk, MA; Doctors' names

and address: Drs. John Murphy and Calvin Gordon; Providence, RI.

12.    Please list the names of all drugs and medications used by you within the last ten (10) years, including, but not limited to, antibiotics, contraceptives, tranquilizers, sleeping pills, antihypertensives, diet aids or hormones; the inclusive dates each such drug or medication was used; the purpose for which each such drug or medication was used; and the name of the physician or other health care provider, if any, who prescribed such drug or medication for your use.

**ANSWER:**    Plaintiff objects to this Interrogatory as overly broad and burdensome, nor will it lead

to the discovery of information relevant to her claim.  The only relevant hormone plaintiff has been

exposed to is the DES she was exposed to in utero.

13.    Please describe with specificity the injuries, disabilities and/or conditions which you allege to have resulted from your alleged exposure to the drug identified in your Complaint, including any complaints of injury, disability, or condition which have now subsided and when you last had those complaints, and if you are claiming any aggravation of any injury, disability, or condition describe such condition, and the manner in which you claim such condition was aggravated by your alleged

5

5 years in which you filed federal income tax returns, state as to each return filed, your name as it appeared on the federal return, whether the return was a joint return, and the name of your spouse as it appeared on the return if a joint return was filed, and your address as it appeared on the return.

**ANSWER:**    Plaintiff may supplement this response.

17.    As to your mother, please state her current full name, maiden name, and any other names used; her date and place of birth; her present address if living, the date and cause of death if deceased; all residences at which your mother lived for a period of more than thirty (30) days since her pregnancy with you was diagnosed; any and all major illnesses, diseases and/or conditions your mother has or has had and the approximate dates of such illness, disease and/or condition; the approximate date of each of your mother's pregnancies; the outcome of each of your mother's pregnancies; what drugs, including diethylstilbestrol (DES), were administered in each of your mother's pregnancies; any medical problems developed during your mother's pregnancies; the name and address of each physician or other health care provider your mother consulted during each pregnancy; the name and address of the hospital or clinic where your mother was confined during each such pregnancy; your mother's present marital status and, if married, the name and address of her spouse.

**ANSWER:**    Mother's name: Barbara (Sykes) Fahey; Date and place of birth: 6/17/21, Seekonk,

MA; Present Address: 112 Arcade Avenue, Seekonk, MA 02771; Prior addresses:

    a.     136 Arcade Avenue
            Seekonk, MA 02771
            (1954 - 1959)

    b.     112 Arcade Avenue
            Seekonk, MA 02771
            (1959 - Present)

Mother's major illnesses:    Appendectomy, cholecystectomy, TIA

Plaintiff's mother has been pregnant five times as follows:

a.    Miscarriage in 1948.

b.    Miscarriage in 1949 or 1950.

c.    Live birth of male on September 1, 1952, in Providence, Rhode Island; Plaintiff's mother's physician was Dr. Murphy; Plaintiff's mother was prescribed DES.

d.    Live birth of male in 1954, but he only lived for 24 hours. Dr. Gordon was Plaintiff's

7

mother's physician.

e.    See Plaintiff's Answer to Interrogatory No. 11.

f.    Live birth of female on October 8, 1956, in Providence, Rhode Island; Plaintiff's mother's physician was Dr. Gordon; Plaintiff's mother was prescribed DES.

g.    Miscarriage in 1957.

Marital Status: Widow.

18.    As to your father, please state his full name; his place and date of birth; his present address if living, the date and cause of death if deceased; all residences at which your father lived for a period of more than thirty (30) days since the date of your birth; all major illnesses, diseases and/or conditions which your father has or has had and the approximate dates of such illness, disease and/or condition; his present marital status and, if married, the name and address of his spouse.

**ANSWER:**    Father's name: Matthew Fahey; Date and Place of Birth: October 27, 1926 in

Harrison, NY; Date and cause of Death: January 14, 2007 due to heart attack; Prior Residences: See

Plaintiff's Answer to Interrogatory No. 17; Major Illnesses: COPD.

19.    As to your brothers and sisters, please state their names at birth, their present names if different from their names at birth and any other names used; their present addresses if living, the date and cause of their deaths if deceased; all major illnesses, diseases and/or conditions which each has or has had and the dates of each such illness, disease and/or condition; the date of each of their births and their relationship to you (natural brother, step-sister, adopted, etc.).

**ANSWER:**    Plaintiff has two siblings:

a.    Name: Matthew Fahey; Address: 70 Pleasant Street, Rehoboth, MA 02769; Major Illnesses: None; Date of Birth: September 1, 1952.

b.    Name: Marjorie Fahey; Present name: Marjorie Dias; Address: 20 Kenton Avenue, East Providence, RI 02916; Major Illnesses: None; Date of Birth: October 8, 1956.

20.    As to your allegation that your mother ingested diethylstilbestrol (DES) during her pregnancy with you, and that such diethylstilbestrol (DES) was manufactured by Lilly, please state all dates when diethylstilbestrol (DES) was prescribed for your mother, the names and addresses of each physician who prescribed diethylstilbestrol (DES) for your mother, the names and addresses of all pharmacies, physician's offices, hospitals, clinics or other places at which your mother obtained diethylstilbestrol (DES) or it was obtained for her, the name and address of each person known to

8

The information contained in these answers, as well as the word usage, sentence structure and opinions, are not solely that of the declarant; rather, they are product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: **2-26-07**

_____
Katharine Lagor, Declarant

AARON M. LEVINE & ASSOCIATES, P.A.

_____
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
202/833-8040

Counsel for Plaintiffs

11

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been mailed, this _28th_ day of February,

2007, by first-class mail, postage prepaid to:

John F. Kuckelman, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
**Counsel for Defendant Eli Lilly and Company**

John F. Anderson, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

_Aaron M. Levine/sL_
Aaron M. Levine

12

# Exhibit 3

### To
### Defendant Eli Lilly and Company's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Transfer to the District of Massachusetts and in Support of Defendant Eli Lilly and Company's Motion to Transfer to the District of Rhode Island

Filed in:
*Katherine Lagor, et al.  v. Eli Lilly and Company, et. al.*
District Court for the District of Columbia
Civil Action No. 06-1967

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAR 0 5 2007

KATHARINE LAGOR, et al.,    )
                            )
        Plaintiffs,         )
                            )
    v.                      )    Civil Action No.: 06-cv-01967055 (JDB)
                            )    Next Event:   D/L to Amend or Join
ELI LILLY AND CO., et al.,  )
                            )
        Defendants.         )
                            )

**PLAINTIFF EMILY GRACE LAGOR'S ANSWERS TO DEFENDANT
ELI LILLY AND COMPANY'S FIRST SET OF INTERROGATORIES**

1.     Please state your correct full name, address, date and place of birth and your educational background, including the name and address of each school attended, the years of attendance at each such school, and the degree or diploma obtained at such school.

**ANSWER:**    Name: Emily Grace Lagor; Address: 112 Arcade Avenue, Seekonk, MA 02771; Date

of Birth: 7/22/90; Place of Birth: Women & Infants Hospital of Rhode Island, 101 Dudley Street,

Providence, Rhode Island 02905; Schools attended:

a.     School: Aitken Elementary School; Dates attended: 9/1996 - 6/2001;

b.     School: Seekonk Middle School; Dates attended: 9/2001 - 6/2004;

c.     School: St. Mary Academy - Bay View; Dates attended: 9/2004 - Present.

2.     Please state in chronological order, the full address for each residence, including your present residence, at which you have resided for thirty (30) days or more, including the date each such residency was commenced and terminated.

**ANSWER:**    a.     95 Newman Avenue
                      Seekonk, MA 02771
                      (7/22/90 - 7/1996)

               b.     112 Arcade Avenue
                      Seekonk, MA 02771
                      (7/1996 - Present)

3.    Have you or has anyone on your behalf made any written application for any policy of insurance upon your life or for medical or hospital benefits? If so, please state the name and address of each company to which such application was made and the approximate date thereof, the name and address of each physician who examined you in connection with any such application and the approximate date thereof.

**ANSWER:**    Plaintiffs object to this Interrogatory as overly broad, burdensome, irrelevant nor will it lead to the discovery of any relevant information pertaining to plaintiff's claims.

4.    As to your birth, please state the name and address of the doctor(s) who cared for your mother during the pregnancy and/or delivery of you, or if you were not delivered by a doctor, the name and address of any and all persons who assisted in your delivery; the name and address of the hospital where you were delivered, or if you were not delivered in a hospital, the state and location of your delivery; the names of your mother and father as of your date of birth and their dates of birth; the inclusive dates of your mother's pregnancy when she was pregnant with you; and all complications that arose just before, during, or just after your birth.

**ANSWER:**    See Plaintiff Katharine Lagor's Answers to Interrogatory Nos. 3, 10 and 13.

5.    Concerning your injuries and disabilities or the damages therefrom which you allege to have resulted from your mother's exposure to the drug identified in your Complaint, please describe the nature and extent of such injuries and disabilities and the part or parts of your body affected thereby, including the manner in which the injury first manifested itself, the date of the manifestation, and the onset of symptoms; the date on which and the name and address of the person from whom you first sought medical care for such injury; and the nature and extent of any injuries or disabilities from which you are now suffering and what parts of your body are still so affected.

**ANSWER:**    Emily was born severely premature resulting in spastic diplegia cerebral palsy, heel cord lengthening, posterior tibia lengthening (left), atrial septal defect and strabismus, all requiring various surgeries, procedures and other treatment. She received treatment from the following health care providers:

a.    Laurie Grauel, M.D., University Medicine Foundation, 237 Winthrop Street, Rehoboth, MA 02769
      (Pediatrics, approximately 1990 - 1999)

b.    Jessica Pepitone, M.D., Pediatric Associates, Inc., 450 Veteran's Memorial Parkway, #10, East Providence, RI 02914

2

(Pediatrics, approximately 1999 - Present)

c.    Michael G. Ehrlich, M.D., University Orthopedics, Inc., 2 Dudley Street, #200, Providence, RI 02905
      (Orthopedist, approximately 1993 - Present)

d.    Patricia Rompf, M.D. and Lucy P. Buckley, M.D., 235 Plain Street, Providence, RI 02905
      (Pediatric Cardiology, approximately 1996 - Present)

e.    Anthony Caldamone, M.D., 2 Dudley Street, Providence, RI 02905
      (Urology)

f.    King To, M.D., 1 Hoppin Street, #202, Providence, RI 02903
      (Ophthalmology)

g.    Tarranth Shetty, M.D., Dudley Street, Providence, RI
      (Neurologist, 1991 - 1993)

6.    Have you been confined, examined, treated or x-rayed in any hospital or clinic or have you seen any health care provider (including psychiatrists, psychologists, rehabilitation specialists or therapists) as a result of any injury or disability which you allege to have resulted from your mother's alleged exposure to the drug identified in your Complaint? If so, please state the name and address of each such hospital, clinic or health care provider, the dates and reasons you were confined, examined, treated or x-rayed at such hospital or clinic or by such health care provider, and the nature of the treatment received by you.

**ANSWER:**    Plaintiff has been hospitalized at the following Hospitals:

a.    Emily was hospitalized in the Special Care Nursery at Women & Infants Hospital of Rhode Island from July 22, 1990 - August 10, 1990.

b.    Emily was hospitalized at Boston Children's Hospital, 300 Longwood Avenue, Boston, MA 02115 in 1997 for atrial septal defect repair and mitral valve repair.

c.    Emily has been hospitalized numerous times at Hasbro Children's Hospital, 593 Eddy Street, Providence, RI 02903, primarily for orthopedic-related surgeries such as heel cord lengthenings and osteotomies.

7.    Have you received any special educational training, counseling or therapy, and if so, please describe in detail the nature of the training, counseling or therapy received, the name and address of each institution, teacher, counselor or therapist and the dates and reasons for the training, counseling or therapy received.

3

**ANSWER:**    Emily received the following therapy:

a.    Speech-language therapy: 1995 through approximately 1998 through Aitken Elementary School, Seekonk, MA.

b.    Physical therapy: 1992 - Present through Rhode Island Hospital, at home through Shriner's and most recently through Hasbro Children's Hospital.

c.    Occupational therapy: 1995 through approximately 1998 through Aitken Elementary School, Seekonk, MA.

8.    Have you been confined, examined, treated or x-rayed in any hospital or clinic or have you seen any health care provider (including psychiatrists, psychologists, or therapists) for any injury or health problem that you do <u>not</u> attribute to your mother's alleged exposure to the drug identified in your Complaint? If so, please state the name and address of each such hospital, clinic or health care provider, the dates and reasons you were confined, examined, treated or x-rayed at such hospital or clinic, or by such health care provider, and the nature of the care received by you.

**ANSWER:**    Emily has received regular child health care at University Medicine Foundation, 237 Winthrop Street, Rehoboth, MA 02769 and Pediatric Associates, Inc., 450 Veteran's Memorial Parkway, #10, East Providence, RI 02914.

9.    Please itemize any and all special damages you claim to have incurred directly or indirectly, for treatment and care of yourself as a result of your mother's alleged exposure to the drug identified in your Complaint, including but not limited to doctor and hospital bills, prescription bills, nursing services, rehabilitative care, rehabilitative equipment, special education and training, therapy and counseling, and other employed help, stating the name and address of a person or company performing this service, the amount of each bill and the dates and nature of the services rendered.

**ANSWER:**    Plaintiffs will supplement this response.

10.    Please state the name, address and specialty of each doctor who has given you, your attorney, or your representatives an opinion as to the probable cause of the injuries, conditions, or illnesses complained of in this lawsuit and whether such opinion was communicated orally or in writing, the substance of each such opinion, and the date each such opinion was given.

**ANSWER:**    Plaintiffs will supplement this response.

4

11.    Please identify each person whom you expect to call as an expert witness at trial, such identification to include the name, address, educational background and occupation of the person, the subject matter on which the expert is expected to testify, the substance of facts and opinions to which the expert is expected to testify and the summary of the grounds for each opinion.

**ANSWER:**    Objection. Plaintiff has not completed discovery nor decided on her experts.

12.    Please identify all persons who have any knowledge of the facts alleged in your Complaint, such identification to include each person's name, address, occupation and employer.

**ANSWER:**    None at this time, other than Emily's treating health care providers listed in Answer

No. 6 and her parents. Plaintiffs reserve the right to supplement this response.

The information contained in these answers, as well as the word usage, sentence structure

and opinions, are not solely that of the declarant; rather, they are product of counsel in preparation

with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT

THE   INFORMATION   CONTAINED   IN   THE   FOREGOING   ANSWERS   TO

INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: _2/26/07_

_____
Katharine Lagory, Declarant

AARON M. LEVINE & ASSOCIATES, P.A.

_____
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
202/833-8040

Counsel for Plaintiffs

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, this _28th_ day of February,

2007, by first-class mail, postage prepaid to:

John F. Kuckelman, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
**Counsel for Defendant Eli Lilly and Company**

John F. Anderson, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

_Aaron M. Levine/SL_
Aaron M. Levine

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Katherine Lagor, et al.,           )
                                        )
        Plaintiffs,           )
                                        )
           vs.             )
                                        )    Civil Action No. 1:06-CV-01967-JDB
Eli Lilly and Company, et al.,     )
                                        )
        Defendants.      )
                                        )

## ORDER

UPON CONSIDERATION of Defendant Eli Lilly and Company's Memorandum in Opposition to Plaintiffs' Motion to Transfer to the District of Massachusetts and Defendant Eli Lilly and Company's Motion to Transfer to the District of Rhode Island,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Transfer to the District of Massachusetts is denied;

IT IS FURTHER ORDERED that Eli Lilly and Company's Motion to Transfer to the District of Rhode Island is granted;

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the District of Rhode Island.

Dated: _____, 2007    _____
                                            The Honorable John D. Bates

cc:     Appended list of counsel of record

## <u>COUNSEL OF RECORD</u>

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
**Attorneys for Plaintiff**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA  22102
**Attorneys for Dart Industries, Inc.**

Michelle R. Mangrum
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW, Suite 800
Washington, D.C.  20005-2004
**Attorneys for Eli Lilly and Company**

- 2 -