UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
KATHERINE LAGOR, et al.              )
                                      )
              Plaintiffs,            )         CIVIL ACTION No. 06-1967 (JDB)
       v.                            )         Next Event:
                                      )         Deadline for Discovery Requests
ELI LILLY AND COMPANY, et al.        )              April 22, 2007
                                      )
              Defendants.            )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S
MOTION TO TRANSFER TO THE DISTRICT OF RHODE ISLAND**

COME NOW the Plaintiffs, by and through counsel, and opposes Defendant Eli Lilly and

Company's ("Lilly") Motion to Transfer to the District of Rhode Island, and as grounds

therefore state:

1.      Plaintiffs incorporate their Motion to Transfer to the District of Massachusetts

and submit such motion in Opposition hereto.

2.      Lilly argues in its Motion that this case's connection with Rhode Island makes

Rhode Island a better forum.  However, the facts that connect this case with Rhode Island are

incidental with regard to the state of residence of the Plaintiffs, which is also the state where the

injury occurred.

Massachusetts is the place where Plaintiffs live and have always lived and where Plaintiff

Katherine Lagor's mother took diethylstilbestrol ("DES").  In DES cases, the last act necessary

to cause injury is the mother's ingestion of the drug.  Bortell v. Eli Lilly and Co., 406 F. Supp.

2d 1, 5 (D.D.C. 2005).  This Circuit places significant importance on the location of the

ingestion of DES and the resulting residence of the infant injured *in utero*.  See Tidler v. Eli

Lilly and Co., 851 F.2d 418, 420-21 (D.C. Cir. 1988) (stating that "the jurisdiction in which

either their [the plaintiffs'] mothers were resident when they took DES or where the plaintiffs'

injuries occurred" would be the usual jurisdictions whose law would apply).  See also Thompson v. Eli Lilly and Co., Civil Action No. 03-122, at 2 (D.D.C. Jun. 27, 2003); Clayton v. Eli Lilly and Co., 421 F. Supp. 2d 77, 80 (D.D.C. 2006) (stating that the operative events regarding a DES injury as not only the filling of the prescription, but the "use of the drug and plaintiff's in utero exposure to DES"); Bortell, 406 F. Supp. 2d at 5  (holding that the place of injury is where the "malformation of plaintiff's uterus and cervix occurred").  When a DES daughter is born and lives in Massachusetts, Massachusetts law applies to her case.  Payton v. Abbott Labs, 83 F.R.D. 382, 386 (D. Mass. 1979).  As the domicile and place of injury of the Plaintiffs, Massachusetts has the most significant interest to this case.

3.    In this Motion, Lilly has the burden of proving that Rhode Island is a more convenient forum than Massachusetts.  See Ricoh Co. v. Honeywell, 817 F. Supp. 473, 480 (D.N.J. 1993).  Unlike Lilly's cited cases, there are witnesses in two adjacent jurisdictions whose needs must be balanced.  "To support its request for transfer under section 1404(a), a moving party must demonstrate (through affidavits or otherwise) what a non-resident witness will testify to, the importance of the testimony to the issues in the case, and whether that witness is willing to travel to a foreign jurisdiction."  Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Resources, Inc., 196 F. Supp. 2d 21, 33 (D.D.C. 2002).  Cf.  Bohara v. Backus Hospital Med. Benefit Plan, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) (same standard for the convenience of documents and tangible things).

As Lilly states on pg. 9 of its Motion to Transfer, the convenience of witnesses is "considered only to the extent that the witnesses may actually be unavailable for trial in one of the fora."  Brannen v. National R.R. Passenger Corp., 403 F. Supp. 2d 89, 94 (D.D.C. 2005).  "Mere inconvenience" is not sufficient to justify transfer, even if a witness is out of the subpoena

power of the jurisdiction.  See Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Resources, Inc.,

196 F. Supp. 2d at 34.  Lilly presented no evidence that the difference between traveling to

Providence, Rhode Island or Boston, Massachusetts for any of the witnesses will render any

witness unavailable, and has not made any specific claims as to their importance.  Lilly has not

met its burden regarding the convenience of the witnesses.

WHEREFORE, for the foregoing reasons, for the reasons stated in Plaintiff's Motion to

Transfer, and for the reasons at oral argument, Plaintiffs respectfully request that this Court, in

accordance with 28 U.S.C § 1404(a), enter an Order transferring this matter to the United States

District Court for the District of Massachusetts.

Respectfully submitted,

 /s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040

Counsel for Plaintiffs

### LCvR 7.1(f) CERTIFICATION

Pursuant to Local Rule 7.1(f), Plaintiffs respectfully request an oral hearing on this

motion.

/s/ Aaron M. Levine
AARON M. LEVINE, #7864

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜)
KATHERINE LAGOR, et al.                           )
                                                   )
                    Plaintiffs,                    )      CIVIL ACTION No. 06-1967 (JDB)
          v.                                       )      Next Event:
                                                   )      Deadline for Discovery Requests
ELI LILLY AND COMPANY, et al.                      )          April 22, 2007
                                                   )
                    Defendants.                    )
〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜)

### (PROPOSED) ORDER

UPON CONSIDERATION of Defendant Eli Lilly and Company's Motion to Transfer to

the District of Rhode Island, and Plaintiff's Opposition thereto, and Plaintiffs' Motion to

Transfer to the District of Massachusetts, and for good cause shown, it is this ___ day of

_____, 2007,

**ORDERED** that Defendant Eli Lilly and Company's Motion be DENIED, Plaintiffs'

motion be GRANTED, and the present action transferred to the United States District Court for

the District of Massachusetts in Boston, Massachusetts.


_____
The Honorable John D. Bates
United States District Judge