IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Katherine Lagor, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 1:06-CV-01967-JDB |
| Eli Lilly and Company, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S
MOTION TO TRANSFER TO THE DISTRICT OF RHODE ISLAND**

Plaintiffs' Opposition to Defendant Eli Lilly and Company's Motion to Transfer ("Plaintiffs' Opposition") does not dispute that this case has substantial connections to the District of Rhode Island and no relevant connection to the District of Columbia. Specifically, many of the alleged events giving rise to plaintiffs' claims, including the alleged prescription and purchase of diethylstilbestrol ("DES"), the diagnosis and treatment of plaintiff Katharine Lagor's alleged injuries, and the diagnosis and treatment of plaintiff Emily Lagor's alleged injuries, occurred in Rhode Island. Additionally, the overwhelming majority of non-expert witnesses in this case, including plaintiffs' treating physicians, reside in the District of Rhode Island. Further, the sole non-expert witness outside of Rhode Island identified by plaintiffs, plaintiff Katharine Lagor's mother, lives a mere five miles from Providence, Rhode Island, the site of the courthouse of the District of Rhode Island, well within the subpoena power of that district. Therefore, as set forth in Eli Lilly and Company's ("Lilly") memorandum of points and authorities in support of its motion to transfer and below, the majority of the <u>relevant</u> factors and

139072v1

controlling authority supports transfer of this case to the United States District Court for the District of Rhode Island.

### I. The District Of Columbia's Choice Of Law Provisions Point To Rhode Island's Substantive Law

The District of Columbia uses a four-factored choice of law test in determining which state's substantive law will apply to actions such as this one. These factors are: (1) jurisdiction where injury took place; (2) jurisdiction where the conduct causing the injury occurred; (3) the domicile or residence of the litigants; and (4) jurisdiction where the relationship between the litigants is centered. *See Herbert v. District of Columbia*, 808 A.2d 776, 780 (D.C. 2002). As explained in Lilly's memorandum in support of transfer to Rhode Island, it is clear that the District of Columbia would apply Rhode Island's substantive law here.

Facing facts similar to those here, this Court determined that the substantive law of the state of purchase should govern. In *Long v. Sears Roebuck & Co.*, 877 F. Supp. 8 (D.D.C. 1995), the court applied the District of Columbia's substantive law where plaintiffs, who were residents of Maryland, were injured when a lawn mower that was purchased in the District of Columbia rolled over onto plaintiff at his Maryland home. This Court held that the District of Columbia had the most significant relationship to the claims for several reasons. First, the sale, which was the "conduct leading to the injury occurred in the District of Columbia...Second, the seller-purchaser relationship between the parties was established...in the District of Columbia. Third, [the] alleged misrepresentation...occurred in the District of Columbia." *Id.* at 12.

Similarly, plaintiffs, who are residents of Massachusetts, claim they were injured when plaintiff Katharine Lagor's mother allegedly ingested DES that was purchased in Rhode Island, at her Massachusetts home. Like the plaintiffs in *Long*, plaintiffs here allege a claim of misrepresentation, which if such a representation exists, which Lilly denies, was made in Rhode

Island to plaintiffs' physicians and pharmacists. Simply with these facts, the comparison is complete. However, many more facts illustrate that Rhode Island's substantive law should apply. For example, this case also involves plaintiff Emily Lagor, whose claimed injuries, which are allegedly derivative of premature birth, occurred at the time of her birth in Rhode Island. Further, plaintiff Katharine Lagor's physicians practice there, she was born there, she gave birth to plaintiff Emily Lagor there, and her mother was allegedly prescribed and purchased DES there. Additionally, plaintiff Emily Lagor was born in Rhode Island, all but one of her physicians practice there, and she has been hospitalized and received physical therapy and healthcare there as well. Therefore, because of the overwhelming connection between plaintiffs' claims and Rhode Island, it is clear that the District of Columbia would apply Rhode Island's substantive law. Because Rhode Island law would apply, this case should be transferred to Rhode Island, where the court is more familiar with Rhode Island substantive law.

## II. Lilly Has Satisfied Its Burden By Proving That Rhode Island Is A More Convenient Forum Than The District Of Columbia

Plaintiffs argue that Lilly has the burden of proving that Rhode Island is more convenient than Massachusetts, plaintiffs' second choice of forum. Plaintiffs are misinformed, however, as to Lilly's burden. In fact, a case that plaintiffs cite in support of their argument, *Ricoh Co. v. Honeywell*, 817 F. Supp. 473, 480 (D.N.J. 1993), reveals the flaw in plaintiffs' argument. There, the court held that "the burden is on the moving party to show the proposed alternate forum is not only adequate but also more convenient than the *present forum*." *Id.* (emphasis added). The present forum in this case is the District of Columbia, not plaintiffs' second choice of forum, Massachusetts. Certainly, Rhode Island is "not only adequate but also more convenient" than the District of Columbia. *Id.* Indeed, plaintiffs do not argue otherwise.

139072v1

Even if, as plaintiffs argue, it is Lilly's burden to prove that Rhode Island is more convenient than plaintiffs' second choice of forum, Lilly has satisfied its burden by demonstrating that Rhode Island is the location of all the medical and pharmacy records, as well as where all but one of the non-party witnesses reside. While plaintiffs argue that "there are witnesses in two adjacent jurisdictions whose needs must be balanced," those witnesses have not been identified. *See* Plaintiffs' Opposition, ¶ 3. The only witness identified by plaintiffs who is outside of Rhode Island is plaintiff Katharine Lagor's mother, who lives a mere five miles from Providence, Rhode Island. In contrast, if this case were transferred to the District of Massachusetts in Boston, all of plaintiffs' identified physicians would be inconvenienced by having to travel from Rhode Island.

Plaintiffs also argue that Lilly has "presented no evidence that the difference between traveling to Providence, Rhode Island or Boston, Massachusetts for any of the witnesses will render any witness unavailable." *See* Plaintiffs' Opposition, ¶ 3. While it is true that many of the Rhode Island witnesses are within the District of Massachusetts's subpoena power, the one witness outside of Rhode Island is not only within the subpoena power of the District of Rhode Island, but is in fact closer to that District's courthouse than to the District of Massachusetts's courthouse in Boston. Therefore, Rhode Island is more convenient for the witnesses than Massachusetts.

### III. Plaintiffs' Actions Are Indicative Of Forum Shopping And Should Not Be Condoned

Plaintiffs' actions in first filing in a district where they admit "[t]his cause has no significant contact"[1] and then attempting to transfer this action to another district a mere four months later is indicative of forum shopping. Plaintiffs chose the District of Columbia, even

---

[1] *See* Plaintiffs' Motion to Transfer, at 2.

4

139072v1

though it had no connection to this case, presumably to take advantage of its liberal statute of limitations. Plaintiffs do not reside in the District of Columbia, nor have they ever. Plaintiff's mother was not prescribed, diagnosed or treated in this District, nor did she purchase DES here. Additionally, plaintiffs were not diagnosed or treated in this District. Further, no witnesses reside in the District of Columbia.

Generally, courts are hesitant to grant plaintiffs' motions to transfer cases from the forum they originally selected so as to prevent gamesmanship and forum shopping. *See Tiffany v. Hometown Buffet, Inc.*, 2006 WL 2792868, *2 (N.D. Cal. Sept. 28, 2006) (plaintiffs' actions of initially filing a suit in one jurisdiction, only to later move to transfer the case to yet another forum, were indicative of "forum shopping"). Here, plaintiffs certainly knew when they filed this case in the District of Columbia that this district had no factual nexus with their claims. Having taken full advantage of the District of Columbia's statute of limitations, plaintiffs now seek to transfer this case to the District of Massachusetts. Such forum shopping and gamesmanship should not be condoned, by granting plaintiffs' motion to transfer when a more convenient forum for all non-party fact witnesses, Rhode Island, exists.

## CONCLUSION

As shown above, because the parties' relationship is centered in Rhode Island, plaintiffs' alleged injuries were diagnosed and treated in Rhode Island, almost all of the witnesses and relevant documents are in Rhode Island, and Rhode Island law will apply, the District of Rhode Island is clearly a more convenient forum than the District of Columbia or the District of Massachusetts. Accordingly, Lilly respectfully requests the Court to deny plaintiffs' motion to transfer this action to the District of Massachusetts and instead transfer this case to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

139072v1

Respectfully submitted,


_____/s/ Emily J. Laird_____
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW, Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

139072v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2007, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates, P.A.
1320 19th Street, NW
Suite 500
Washington, D.C. 20036
(202) 833-8040

**Attorneys for Plaintiffs**

John F. Anderson
Troutman Sanders LLP
1660 International Drive
Suite 600
McLean, VA 22102
(703) 734-4356

**Attorneys for Dart Industries, Inc.**


　　　　　　/s/ Emily J. Laird
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

139072v1